[Filed June 24, 1891.]

# H. P. JUDKINS *v.* I. H. TAFFE.

APPEALS—STATUTE CONSTRUED.—Under the act of February 16, 1891, (Laws, 1891, 40,) transcripts in all cases appealed to this court from the counties of Wasco, Crook and Sherman, unless parties otherwise agree, must be filed by the first day of the term, wherever held, next following the per-fection of the appeal.

CHANGE OF REMEDY—RETROACTIVE EFFECT.—Statutes which merely change the remedy or course and form of procedure, but which do not destroy all remedy for the enforcement of rights, are retrospective, and apply to causes of action existing and litigation pending at the date of their passage.

Wasco county: J. H. BIRD, Judge.

Defendant appeals. Dismissed.

*George Watkins*, for Appellant.

*J. L. Story*, for Respondent.

BEAN, J.—This is a motion to dismiss the appeal in this case because the transcript was not filed at Salem by the first day of the March term of this court. On June 13,

1890, respondent recovered a judgment against appellant for the sum of $500 in the circuit court of Wasco county, from which he duly appealed to this court, by filing his notice of appeal on December 8, 1890, and on the next day his undertaking, but the transcript was not filed in this court until the twenty-ninth day of April, 1891.

By the act of February 15, 1889, (Laws 1889, 4,) it was provided that there shall be two terms of this court held annually at the capital, commencing on the first Monday in March and the first Monday in October in each year, and at such other times as the court may appoint, and one term at Pendleton, commencing on the first Monday in May of each year, and that the transcripts in all appeals taken from any circuit court in any county lying east of the Cascade mountains, except in Klamath and Lake, shall be forwarded to the clerk of this court at Pendleton, and shall be heard and determined there, unless otherwise stipulated between the parties, or ordered by the court. And appeals taken from the circuit court in all other parts of the State shall be heard and determined at the capital.

By an amendatory act approved February 16, 1891, and which took effect from the date of its approval, it was provided that " the transcripts in all appeals taken from Wasco, Crook, or Sherman counties, unless otherwise stipulated by the parties, shall be forwarded to the next succeeding term of said supreme court after the appeal shall be perfected; and if said next succeeding term after the perfection of said appeal shall be held at Salem, then the cause shall go to that place for hearing and decision, and the transcript shall be forwarded there by the first day of said term of court, as aforesaid; but in case the next succeeding term of the supreme court after such appeal shall be perfected shall be held at Pendleton, then said cause shall be heard and determined at Pendleton, and such transcript shall be forwarded by the first day of said term at Pendleton."

The appeal in this case having been perfected before the passage of the amendment of 1891, the contention of

appellant is, that such appeal is not in any way affected by this amendment, but must be heard and determined at Pendleton as provided in the act of 1889. The language of the amendment does not expressly refer to appeals already perfected, and it is claimed that it should not receive a retroactive construction at the hands of the court.

Legislation which prejudicially affects vested rights or the legal character of past transactions, will not be construed as retroactive unless it is declared so in the act, and the courts will give to such enactments a prospective rather than a retroactive construction, if possible. As was said by Mr. Justice CLIFFORD, in *Twenty Per Cent Cases*, 20 Wall. 187: "Courts of justice agree that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or vested rights, unless the intention that it shall so operate is expressly declared or is to be necessarily implied, and that pursuant to that rule courts will apply new statutes only to future cases, unless there is something in the nature of the case or in the language of the new provision which shows that they were intended to have a retroactive operation." This rule rests upon the presumption that the legislature does not intend what is unjust and oppressive, and therefore "every statute," it has been said, "which takes away or impairs vested rights acquired under existing laws, or creates new obligations, or imposes a new duty, or attaches a new disability in respect to past transactions or considerations already past, must be presumed out of respect to the legislature to be intended not to have a retrospective operation." (Endlich on Int. Stat. § 273.)

But this presumption against retrospective construction has no application to enactments which affect only the mode of procedure and practice of the courts. No person has a vested right in any form of procedure. He has only the right of prosecution or defense in the manner prescribed for the time being, and if this mode of procedure is altered by statute, he has no other right than to proceed according

to the altered mode. Indeed, the rule seems to be that statutes pertaining to the remedy or course and form of procedure, but which do not destroy all remedy for the enforcement of the right, are retrospective, so as to apply to causes of action subsisting at the date of their passage. (Endlich on Int. Stat. § 286; *Converse* v. *Burrows*, 2 Minn. 229.)

Statutes which relate to the mode of procedure and affect only the remedy and do not impair the obligations of contracts or vested rights, are valid, and it is no objection to them that they are retroactive in their operation. It is competent for the legislature at any time to change the remedy or mode of procedure for enforcing or protecting rights, provided such enactments do not impair the obligations of contracts or disturb vested rights, and such remedial statutes take up proceedings in pending causes where they find them, and when the statute under which such proceedings were commenced is amended the subsequent proceedings must be regulated by the amendatory act. (*People* v. *Herkimer*, 4 Wend. 211; Sutherland on Stat. Const. § 482; *Kille* v. *Reading Iron Works*, 134 Pa. St. 225.)

Thus an act limiting the right of appeal to sixty days where no limitation before existed was held to apply to judgments rendered before its enactment. (*Slocum* v. *Fayette Co.* 61 Iowa, 169.) So an act granting appeals from certain enumerated judgments and orders applies to such judgments and orders made prior to its passage. (*McNamara* v. *Railway Co.* 12 Minn. 388.) So an act providing that whenever a final judgment in any criminal case shall be reversed on account of error in the sentence, the court may render such judgment therein as should have been rendered, held to apply to past as well as future judgments. (*Jacquins* v. *Com.* 9 Cush. 279.) So an act of congress enlarging the jurisdiction of the circuit court applies to cases pending and undetermined at the passage of the act, unless excluded by its terms or necessary implication from the language of the act. (*Larkin* v. *Saffarans*, 15 Fed. Rep. 147.)

As was said by Chief Justice POLAND, in *Richardson* v. *Cook*, 37 Vt. 603; 88 Am. Dec. 622: "It is clearly within the legislative power of the state to make such changes and alterations in the forms and modes of administering justice by its tribunals as they may deem most conducive to the general welfare, and that the legislature may change and modify remedies, forms of proceedings or the tribunal itself, as they choose, but they shall not directly or indirectly destroy or abolish all remedy whatever by which the performance of any class of valid legal contracts may be enforced."

So in *Mayne* v. *Board of Commissioners*, 123 Ind. 134, it is said: "Where, however, the new legislation does not impair or take away the previously existing right, nor deny a remedy for its enforcement, but merely modifies the proceedings, while providing a substantially similar remedy, the jurisdiction continues under the forms directed by the latter act in so far as the two acts are different." In fact, the rule as gathered from all the authorities seems to be, that "where the enactment deals with the procedure only, unless the contrary be expressed, the enactment applies to all actions, whether commenced before or after the passage of the act." (Broom's Legal Max. 35.)

Applying these principles to the question before us, its solution is easy. The act of 1891 relates solely to remedies, and appeal is purely remedial. It only changes the place where appeals from Wasco county shall be heard and determined. It does not interfere with any vested rights of appellant, since he had no vested right to have his appeal heard at Pendleton rather than at Salem, if indeed it can be said that he had a vested right to have it heard at all. The law does not deny the right of appeal, but affects only the mode of procedure. The right of appellant to have his appeal heard and determined was only partially acquired when the act of 1891 was passed. The jurisdiction of this court had not attached, because no transcript had been filed. His right was inchoate at the time of the latter enactment changing the method of its prosecution and perfection, and

the procedure prescribed by this act must be pursued. He had time after the passage of the act of 1891 in which to file his transcript before the next ensuing term of this court at Salem, and if not he could have applied for an order enlarging the time. (Code, § 541.) Not having done so, the appeal is to be deemed abandoned and the effect thereof terminates. (Code, § 541.)

The motion is therefore allowed and the appeal dismissed.