Argued March 6, reversed and remanded April 4, 1972

JOSEPH, *Respondent, v.* LOWERY, *Appellant.*

495 P2d 273

*James H. Clarke,* Portland, argued the cause for appellant. With him on the briefs were Richard S. Borst, and McColloch, Dezendorf, Spears & Lubersky, Portland.

*Robert L. Burns,* Gresham, argued the cause for respondent. With him on the brief were Burns & Lock, Gresham.

Dan O'Leary, and Raymond J. Conboy, Portland, submitted a brief amicus curiae on behalf of the Oregon Chapter of American Trial Lawyers Association.

John R. Faust, Jr., Portland, and Cake, Jaureguy, Hardy, Buttler & McEwen, Portland, submitted a brief amicus curiae on behalf of the Oregon Association of Defense Counsel.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

HOLMAN, J.

The sole issue in this case is whether the trial court erred when it applied the law of comparative negligence to the accident in which plaintiff was injured. The accident occurred before the effective date

of the recent legislative act which adopted the law of comparative negligence[1] for Oregon but the trial was held thereafter. The trial resulted in a verdict and judgment for plaintiff. Defendant appealed.

■ There is no provision in the statute which either requires or prohibits its retroactive application. However, statutes other than those which are procedural or remedial in nature are applied only prospectively in the absence of direction to the contrary. *Reynolds Metals v. Tax Com.*, 245 Or 156, 160-61, 421 P2d 379 (1966); *Kempf v. Carpenters & Joiners Union*, 229 Or 337, 341-43, 367 P2d 436 (1961); *Denny v. Bean*, 51 Or 180, 183-84, 93 P 693, 94 P 503 (1908); *Judkins v. Taffe*, 21 Or 89, 91, 27 P 221 (1891). Statutes not "procedural or remedial" in nature we have deemed "substantive." Although the terms have been used to differentiate between the subject matter of statutes which are applied retroactively and the subject matter of those which are not, they do not, in fact, accurately describe the distinction this court has made.

In *Kempf*, this court clarified the type of statutory subject matter that it considered to be only of prospective application in the absence of any legislative indication to the contrary. The court said:

"* * * Unless retroactive construction is mandatory by the terms of the act it should not be applied if such construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions * * *." 229 Or at 343.

In *Kempf*, plaintiff brought a suit in state court to restrain defendant from wrongful picketing and for damages. At the time of the picketing, jurisdiction of

[1] Oregon Laws 1971, ch. 668, effective September 9, 1971.

such matters had been pre-empted by federal law. Thereafter, the federal Congress bestowed jurisdiction upon state courts. This court refused to apply the federal act retroactively because state courts were free to apply state law, which could result in new obligations and additional liabilities regarding past activities. That "transaction" is not used in a limited sense is evident from the fact that the "transaction" under consideration in *Kempf* was the alleged wrongful picketing of plaintiff's business.

A case analogous to the present one is *Smith v. Clackamas County*, 252 Or 230, 448 P2d 512 (1968). This was an action against the county for personal injuries incurred by a motorist due to alleged defects in a highway. The trial judge entered a judgment for plaintiff under a statute which became effective after the accident occurred but before the action was filed. Under the new law, the county was no longer strictly liable but was liable only for negligence, and the maximum recovery was increased from $2,000 to $10,000. The plaintiff was entitled to a recovery under either statute. However, the maximum amount recoverable under the old statute was not as large as that provided by the new one. In refusing to apply the new statute retroactively, this court took into consideration that, in addition to changing the limit on recovery, the statute also changed the basis for liability.

In *Wiebe v. Seely, Administrator*, 215 Or 331, 335 P2d 379 (1959), we refused to apply retroactively a statute increasing the recovery limit for wrongful death.

The cases discussed above clearly indicate that this court has refused to give retroactive application

to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be "procedural or remedial" or "substantive" in a strictly technical sense. The labels were applied after the court decided whether it thought a new statute affected legal rights and obligations arising out of past actions.

Under the comparative negligence statute, a plaintiff whose negligence is less than that of the defendant is not barred from recovery by virtue of his contributory negligence, but is allowed recovery reduced by the degree of his fault.[2] Therefore, if applied retroactively, the act would affect legal rights and obligations arising out of past actions. As a result, *strictly for the purposes under consideration here,* the provisions of the act are "substantive" and not "procedural or remedial" in nature. If applied retroactively, the statute could create a duty to pay which did not exist at the time the damage was inflicted.

■ The Oregon comparative negligence statute was closely copied from that of Wisconsin.[3] Soon after passage, Wisconsin held that its act[4] was not to be applied retroactively. *Peters v. Milwaukee E. R. & L.*

---

[2] "Contributory negligence, including assumption of the risk, shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property if such negligence contributing to the injury was not as great as the negligence of the person against whom recovery is sought. but any damages allowed shall be diminished in the proportion to the amount of such negligence attributable to the person recovering." Oregon Laws 1971, ch 668, § 1.

[3] Testimony of Arthur C. Johnson, Chairman of the Oregon State Bar Committee on Practice and Procedure. RG:L6, 71-2, Senate Judiciary, May 14, 1971, Tape 10, Side 1, 496-8 feet, 56 Legislative Session, 1971.

[4] Wis. Stat. Ann. § 895.045.

*Co.,* 217 Wis 481, 259 NW 724 (1935) ; *Crane v. Weber,* 211 Wis 294, 247 NW 882 (1933). The interpretation another state places upon its statute at the time our legislature incorporates that act into Oregon law is highly persuasive in the absence of a legislative directive that our statute is not to be similarly construed. *State ex rel Western Seed v. Campbell,* 250 Or 262, 270-71, 442 P2d 215 (1968), *cert. denied,* 393 US 1093, 89 S Ct 862, 21 L Ed 2d 784 (1969) ; *School Dist. No. 1 v. Rushlight & Co.,* 232 Or 341, 345, 375 P2d 411 (1962).

■ It is urged by plaintiff and by an amicus curiae[9] that the doctrine of vested rights has no application to a change in law governing a cause of action based upon common law negligence. They point to the language in *Lommasson v. School Dist. No. 1,* 201 Or 71, 101, 261 P2d 860, 267 P2d 1105 (1954), which discusses the retroactive application of statutes in the following terms: "It is chiefly where the enactment would prejudicially affect vested rights, *or the legal character of past transactions,* that the rule in question [against retroactive application] prevails." (Emphasis added.) The relevancy of plaintiff's contention depends on the assumption that a vested right and a substantive right are identical for present purposes. The italicized portion of the quotation upon which plaintiff depends belies his contention. While all vested rights may be considered substantive for present purposes, it does not necessarily follow that the only subject matter that is considered to be substantive is that which relates to vested rights. Our decisions are clear that statutes which have not affected vested

---

[9] Whether the two amici who filed briefs in this case are friends of the court or friends of the sort of clients their members usually represent may be open to debate.

rights have been denied retroactive application. Whether vested rights are affected is not the sole criterion used in Oregon in determining if a particular statute is to be given retroactive application.

Plaintiff also argues that the legislature, presumably, thought comparative negligence a fairer rule than contributory negligence to apply to negligence actions. He further asserts that, in this particular case, whether the accident occurred before or after the effective date of the act made the application of the new rule neither more nor less fair. In other words, he contends the time of the occurrence of the accident is irrelevant as long as the legislature had decided by the time of the trial that comparative negligence was the fairer rule of the two to apply. He submits that there was no reliance or expectation by either party at the time of the accident which related to the then existing tort law.

■ Certainly, no one has an accident upon the faith of the then existing law. However, it would come as a shock to someone who has estimated his probable liability arising from a past accident, and who has planned his affairs accordingly, to find that his responsibility therefor is not to be determined as of the happening of the accident but is also dependent upon what the legislature *might* subsequently do. Every day it is necessary in the conduct of the affairs of individuals and of businesses to make a closely calculated estimate of the responsibility or lack thereof resulting from an accident or from other unforeseen and unplanned circumstances and to act in reliance on such estimate. We believe there is merit in the prior view of this court, as demonstrated by its decisions, that, in the absence of an indication to the contrary, legislative acts should not be construed in a manner

which changes legal rights and responsibilities arising out of transactions which occur prior to the passage of such acts.

■ Plaintiff contends that because this court retroactively abolished the tort immunity of charitable institutions,[®] we have established the precedent to make the present statute retroactive. The change in *Hungerford v. Portland Sanitarium,* 235 Or 412, 384 P2d 1009 (1963) was made by the court—not by the legislature. Therefore, the court could give it such application as the court thought best. The change presently under consideration was made by the legislature. Therefore, it is the legislature's intent that governs. Legal rules relating to retroactive and prospective application of statutes are merely rules of construction by which the court attempts to ascertain the probable legislative intent.

Plaintiff directs our attention to the case of *Spicer v. Benefit Ass'n. of Ry. Emp.,* 142 Or 574, 592-93, 17 P2d 1107, 21 P2d 187, 90 ALR 517 (1933). That case applied a statute retroactively which permitted an award of attorney fees in the Supreme Court in a successful action against an insurance company on its policy. The intent of the legislature was clear that the statute should be applied to all existing rights, excepting only those which were already the subject matter of a suit or action when the statute became effective, because the act provided that its terms should "not apply to any suit or action started or begun prior to the effective date of this act." The case's decision on retroactivity, therefore, is not inconsistent with the non-retroactive application of the statute presently

[®] Hungerford v. Portland Sanitarium, 235 Or 412, 384 P2d 1009 (1963).

under consideration, although for limited purposes, *Spicer* treated attorney fees as costs and, therefore, as remedial in nature.

Plaintiff also calls to our attention the case of *Camenzind v. Freeland Furniture Co.*, 89 Or 158, 179-180, 174 P 139 (1918), which speaks of the provision of the Employers' Liability Act abolishing contributory negligence as a defense as being remedial. There was no issue of retroactive application in that case and the term "remedial" was not being used in the sense that it is used here. *Camenzind* has no application to the present case.

The judgment of the trial court is reversed and the case is remanded for a new trial.