**UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland Corporation, Plaintiff,**

v.

**The PARK CITY CORPORATION et al., Defendants.**

**No. 73–136.**

United States District Court,
D. Oregon.

July 3, 1973.

Austin W. Crowe, Jr., Walter J. Cosgrave, Cosgrave & Kester, Portland, Or., for plaintiff.

James B. O'Hanlon, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for defendant The Park City Corp.

Carrell v. F. Bradley, Schwenn, Bradley & Batchelor, Hillsboro, Or., for defendant Mercer Industries, Inc.

William B. Crow, Miller, Anderson, Nash, Yerke & Wiener, Portland, Or., for Modern Homes, Inc.

## OPINION and ORDER

BURNS, District Judge:

This diversity action was brought by United States Fidelity & Guaranty Company (U.S.F. & G.), a Maryland corporation, against The Park City Corporation (Park City), Mercer Industries, Inc. (Mercer), and Modern Homes, Inc. (Modern), all Oregon corporations. In July, 1969, Ann Scott (Scott) was injured when she walked through a glass panel adjacent to a glass door in a real estate office being leased by Allen C. Edwards Realty Co. (Edwards) from Park City. The glass panel and adjacent glass door had been installed by Modern at the direction of Park City. Both the door and panel had been purchased by Modern from Mercer.

Scott sued Edwards, Park City Modern and Mercer in Multnomah County Circuit Court for her injuries. During the trial, Park City, Modern and Mercer settled with Scott. A settlement was offered to Edwards but was declined. The case went to a jury against Edwards only. A verdict and judgment in favor of Scott resulted in February, 1972. This judgment was affirmed by the Ore-

gon Supreme Court in *Scott v. Mercer Steel Co. (Allen C. Edwards Realty Co.)*, 263 Or. 464, 503 P.2d 1242 (1972). Plaintiff U.S.F. & G., Edwards' insurer, satisfied this judgment in December, 1972. Having thus become subrogated to the rights of Edwards, Plaintiff brought this action against Park City, Modern and Mercer on alternative theories of indemnity or contribution. All Defendants individually move for Summary Judgment pursuant to Rule 56 F. R.Civ.P. For the following reasons, I conclude Defendants' motions should be granted.

## I.

It is well settled in Oregon that there exists the right to indemnity by one joint tortfeasor against a fellow tortfeasor if the claimant pleads and proves that "(1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter."[1] The Oregon Supreme Court explained this third requirement to mean that the claimant's liability " . . . must have been 'secondary' or his fault merely 'passive,' while that of the defendant must have been 'active' or 'primary.' "[2]

I am convinced that there exists no material question of fact on the issue of who was "primarily" or "secondarily" at fault as between these parties. The Oregon Supreme Court in its affirmance of Scott's judgment against Edwards commented on the evidence, stating:

"We also hold that based upon these facts and circumstances the jury could properly find that by the exercise of reasonable care defendant (Edwards)

should have realized that after moving the desk from in front of the window, 'propping' the door open and leaving it open, so as to leave nothing in front of this clear glass panel, there was a deceptive appearance of open space resulting in an unreasonable risk of harm to invitees in its office (to paraphrase Restatement of Torts 2d, § 343), thus imposing upon defendant (Edwards) the duty to exercise reasonable care to protect such invitees against the conditions which created the danger, as, for example, by the placing of something else in front of the clear glass panel or by placing curtains across or decals upon it. Similarly, we hold that based upon these same facts and circumstances the jury could also properly find that this was not a danger which was 'known and obvious' to plaintiff on the day of the accident (to paraphrase Restatement of Torts 2d, § 343A), but that the conditions were such on that day as to present a deceptive appearance of open space, and that plaintiff was not guilty of contributory negligence despite her previous visits to the office more than six weeks earlier and at times when the conditions were substantially different." [Footnote omitted] [3]

It is thus clear as a matter of law that U.S.F. & G., Plaintiff in this case, could not prove that the obligation ought to be discharged by these Defendants. Therefore, on the issue of indemnity, Defendants' motions for Summary Judgment should be granted.

## II.

The second issue presented by these motions is the applicability of ORS 18.-440[4], the contribution between joint

---

1. *The Fulton Insurance Company v. White Motor Corporation*, 261 Or. 206, 210, 493 P.2d 138, 140 (1972).

2. 261 Or. at 210, 493 P.2d at 141.

3. 263 Or. 464, 503 P.2d 1242, 1248 (1972).

4. 18.440(1) Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even

tortfeasors statute, to these facts. The effective date of this statute was September 9, 1971, after the accident but before the occurrence of settlement, verdict and judgment, and of course before payment of the judgment. U.S.F. & G. here urges that ORS 18.440 be given retroactive application so as to recover against Defendants as joint tortfeasors. There is no Oregon appellate decision on this question.[5]

■ I am persuaded from the Oregon Supreme Court's decision in *Joseph v. Lawry,* 261 Or. 545, 495 P.2d 273 (1972) that if this question was before that Court, it would deny retroactive application to ORS 18.440. The Oregon Supreme Court has repeatedly emphasized the principle that:

"[u]nless retroactive construction is mandatory by the terms of the act it should not be applied if such contruction will impair existing rights, create new obligations or impose additional duties with respect to past transactions . . . ."[6]

ORS 18.440 on its face does not require retroactive application. This statute also changes rights and obligations of joint tortfeasors. For these reasons, I conclude that this statute should not be given retroactive application.

■ Plaintiff also claims that even without retroactive application the right to contribution exists since Plaintiff paid the judgment after the effective date of the statute. I am not persuaded by the cases cited by Plaintiff in support of this position. The Oregon cases do not involve joint tortfeasors but arise in a commercial setting. The contribution statutes involved in the remaining cases are distinguishable from ORS 18.-440. In addition, such a construction would be nothing more than giving retroactive application to this statute—a conclusion I have already declined to embrace.

Finally, I conclude that the relationship between the parties is fixed as of the date of the accident. It is at that time that these parties became joint tortfeasors. Their rights and obligations as among themselves are governed by the then existing substantive law,

---

though judgment has not been recovered against all or any of them.

(2) The right of contribution exists only in favor of a tortfeasor who has paid more than has pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.

(3) * * *

(4) A liability insurer, who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer, is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's pro rata share of the common liability. This subsection does not limit or impair any right of subrogation arising from any other relationship.

(5) This section does not impair any right of indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation.

(6) * * *

5. It should be noted that I have taken into consideration the opinion of Judge James A. Norman of the Circuit Court of the State of Oregon for Coos County in the case of North Pacific Insurance Company v. School District No. 8C, No. 31726 (unreported). If that decision in fact allows retroactive application of this statute, a matter which is open to question, I am not bound by that decision. *See, King v. Order of United Commercial Travelers of America,* 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948). While I respect Judge Norman's views, based in part on my service with him on the state court for several years, in this matter I prefer my crystal ball to his.

6. *Joseph v. Lawry,* 261 Or. 545, 547, 495 P. 2d 273 (1972) quoting *Kempf v. Carpenters and Joiners Local Union,* 229 Or. 337, 343, 367 P.2d 436 (1961).

which did not provide for contribution among joint tortfeasors.

Based upon the foregoing,

It is ordered that Defendants' motions for summary judgment are each granted.