Submitted on record and appellant's brief May 13, reversed and remanded May 28, 1974

STATE OF OREGON, by and through the INSTITUTIONAL REIMBURSEMENT SECTION OF THE DEPARTMENT OF REVENUE, *Appellant, v.* S. and S. (No. 79862), *Respondents.*

522 P2d 497

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

No appearance for respondents.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

PER CURIAM.

The stipulated facts show that the emancipated minor child of the defendants was intermittently confined at the Oregon State Hospital and incurred expenses which his parents refused to pay, although they were, at all times, financially able to pay.

A petition by the plaintiff for reimbursement was denied by the trial court on the ground that Oregon Laws 1971, ch 750, § 3, which provided that parents of emancipated minors were not liable for expenses incurred at state institutions, was retroactive, removing any liability the parents incurred prior to the effective date of the Act. Both parties agree that the parents are not liable for any expenses arising after the effective date of ch 750.

In the absence of an indication by the legislature to the contrary, legislative acts will not be construed in a manner which changes legal rights and responsibilities arising out of transactions which occur prior to the effective date of such acts. *Joseph v. Lowery*, 261 Or 545, 551-52, 495 P2d 273 (1972). There was no such legislative indication in this case. The financial responsibilities of the parents arising prior to the effective date of ch 750 survive its passage.

Reversed and remanded.