# COOS-CURRY ELECTRIC COOPERATIVE, INC.,
*Appellant,*
*v.*
## CURRY COUNTY et al, *Respondents.*
(No. 7726, CA 5699)
554 P2d 601

*Richard L. Barron,* Coos Bay, argued the cause for appellant. With him on the brief were Bedingfield, Joelson, Gould and Barron, Coos Bay.

*Thomas Blamer,* Portland, argued the cause and filed the brief for respondents Curry County, Myron Baumer and Robert White.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondents All City Electric, Inc., and Roy Gildner.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

## FORT, J.

Plaintiff appeals from judgments of the circuit court sustaining defendants' demurrers to plaintiff's request for contribution pursuant to ORS 18.440, and dismissing its complaint.

On February 10, 1971, a child was injured as a result of coming into contact with live electrical equipment. Plaintiff alleges it and the defendants are joint tortfeasors, jointly and severally liable for the injury to the child. No adjudication has been made of the actual liability of any of the litigants. The child's representative filed a complaint against plaintiff, and prior to trial plaintiff settled the case. Payment of $135,000 was made and a release as to plaintiff and defendants was executed on March 12, 1975. Plaintiff then sought contribution from defendants.

The question presented to this court is raised by the fact that between the date of the alleged tort and the date of payment by plaintiff, the legislature enacted the statute providing for a right of contribution among joint tortfeasors, ORS 18.440, effective September 9, 1971. Prior to the effective date of the statute, a right to compel contribution did not exist among joint tortfeasors. Thus, the question presented is whether the contribution statute should be applied to torts committed prior to its passage.

ORS 18.440(1) (1971) provides that "* * * where two or more persons become jointly or severally liable in tort * * * there is a right of contribution among them even though judgment has not been recovered against all or any of them." The statute thus envisions that the right is based upon the existence of tort liability to a third person. Such tort liability, and therefore a right to contribution, attaches upon the occurrence of the tortious act. It is at the date of payment to or for the injured person, however, that the right of contribution becomes assertable, as ORS 18.440(2) (1971) provides that the right "exists only in favor of a tortfeasor who

[ 647 ]

has paid more than his pro rata share of the common liability * * *."

■ The statute itself is silent as to retroactivity. The legislative history of ORS 18.440 reveals that it was formulated as one of a series of bills dealing with automobile accident reparations. In particular, the legislature considered it as a part of a package with House Bill 1343, now ORS 18.470, which adopted the law of comparative negligence for Oregon. Representative Skelton explained to the House Judiciary Committee the necessity that the contribution statute and the comparative negligence statute be passed as a package. Insurance Commissioner Bateson testified before the Senate Judiciary Committee that the contribution statute was advisable in and of itself, but if comparative negligence was to work it was an absolute necessity. The Oregon State Bar committee which drafted proposed versions of both bills submitted a statement to the committees that the contribution statute went hand-in-hand with the comparative negligence statute. The legislature proceeded to pass both statutes, and both went into effect on the same date. Thus, it is clear that the legislature intended these two statutes to operate together in its development of Oregon law.

The Oregon Supreme Court has held that the comparative negligence statute is not to be applied retroactively, *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972). In *Joseph* the tort had occurred prior to the effective date of the comparative negligence statute and the trial of the case took place after the effective date. The court said:

"Certainly, no one has an accident upon the faith of the then existing law. However, it would come as a shock to someone who has estimated his probable liability arising from a past accident, and who has planned his affairs accordingly, to find that his responsibility therefor is not to be determined as of the happening of the accident but is also dependent upon what the legislature *might* subsequently do. Every day it is necessary in the conduct of the affairs of individuals and of businesses to

[ 648 ]

make a closely calculated estimate of the responsibility or lack thereof resulting from an accident or from other unforeseen and unplanned circumstances and to act in reliance on such estimate. We believe there is merit in the prior view of this court, as demonstrated by its decisions, that, in the absence of an indication to the contrary, legislative acts should not be construed in a manner which changes legal rights and responsibilities arising out of transactions which occur prior to the passage of such acts." 261 Or at 551-52.

We note that the United States District Court, District of Oregon, has passed on the exact question presented to us and has held that the contribution statute should not be applied retroactively, *United States Fidelity & Guar. Co. v. Park City Corp.,* 397 F Supp 411 (D Or 1973). In reaching its decision, the court concluded that

"* * * the relationship between the parties is fixed as of the date of the accident. It is at that time that these parties became joint tortfeasors. Their rights and obligations as among themselves are governed by the then existing substantive law, which did not provide for contribution among joint tortfeasors." 397 F Supp at 414-15.

We hold that the contribution statute, ORS 18.440, is not to be given retroactive effect. No joint tortfeasor has a right to contribution unless the tort for which contribution is sought was committed on or after the effective date of the statute.

We also note that under the general rule, reaffirmed in *Joseph,* the contribution statute should be denied retroactive effect. The Oregon Supreme Court applied the general rule that "statutes will be construed to operate prospectively unless an intent to the contrary clearly appears." *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 341, 367 P2d 436 (1961). In *Kempf* the court went on to state:

"* * * Unless retroactive construction is mandatory by the terms of the act it should not be applied if such construction will impair existing rights, create new

obligations or impose additional duties with respect to past transactions. *Denny v. Bean* [51 Or 180, 93 P 693, 94 P 503 (1908)]." 229 Or at 343.

Here, the right to contribution did not exist at the time of the alleged tort. By enacting the contribution statute, the legislature created a new obligation—the obligation to contribute—upon joint tortfeasors with respect to a past transaction, the underlying tort upon which any common liability under the contribution statute must be based. The statute by its terms is silent as to the issue of retroactivity, as is the legislative history. Thus, the general rule of prospectivity would apply to forbid retroactive application of the contribution statute.

Affirmed.