Argued September 20, 1978, affirmed January 29, 1979

HOLMES, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 76-6390, CA 10784)

589 P2d 1151

Richard A. Sly, Portland, argued the cause for petitioner. With him on the brief was Bloom, Ruben, Marandas, Berg, Sly & Barnett, Portland.

Gene L. Platt, Associate Counsel, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

In this workers' compensation case claimant sustained a compensable injury on May 25, 1973, to his left leg. The referee awarded him a scheduled disability of 135 degrees and the Workers' Compensation Board adopted the order. Claimant then moved the Board to reconsider its order or to remand to the referee for submission of additional evidence to show what he refers to as a "spreading disability" or aggravation. The Board denied the motion without prejudice as to the filing of an aggravation claim.

### Extent of Injury

■ On appeal claimant first asserts that he should be granted permanent total disability. On the merits we agree with the Board that claimant was entitled only to scheduled benefits. *Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978).

■■ Claimant's second assignment of error is that the 1975 amendments to ORS 656.206 should be applied to cover claimant's 1973 injuries. In particular he desires the benefit of the amendment enlarging the extent of compensation for a scheduled injury which results in unemployability.[1] Many principles have been judicially enunciated applying, distinguishing, abandoning or modifying the substantive/procedural test for prospective or retrospective application of newly enacted statutes. *See, Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 577 P2d 477 (1978); *Hall v. Northwest Outward Bound School,* 280 Or 655, 572 P2d 1007 (1977); and *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972). They boil down to the general principle that the rights and liabilities of persons affected by an event are defined and measured by the statutes in effect at the time of the event and the

---

[1] *See* discussion in *Hill v. SAIF,* 38 Or App 13, 588 P2d 1287 (1979).

We assume for argument that ORS 656.202(2) is not applicable to an amendment to a definition of a state of disability as opposed to a change in the amount of benefits due to a worker in that state.

adjudication of those rights and liabilities is accomplished under the statutes in effect at the time of the adjudication. Often it is difficult to tell whether a specific statute defines rights and liabilities or regulates adjudication, *see, e.g., Emp. Div. v. Bechtel*, 36 Or App 831, 835, 585 P2d 769 (1978), but there is no such haziness here. In amending ORS 656.206, the 1975 legislature weighed the enlarged benefits of an insurance scheme against anticipated premium assessment. To give this legislation retroactive effect would undermine that determination and impose unforeseen liabilities on the insurer. The manner of adjudication is not affected. The injury occurred prior to the amendment of the statute and therefore the claimant's entitlement to and the employer's responsibility for compensation are to be measured under the statute in effect at the time of the injury.

### Reconsideration on Remand

Claimant's third assignment of error is that the Board improperly denied his motion to reconsider its order or to remand to the referee for submission of additional evidence as to lower back pain caused by the leg injury. The back pain was admittedly observed after the hearing.

ORS 656.295(5)[2] provides for board review of the referee's order on the record compiled before the referee unless the board remands the case because that record is incomplete or insufficient. The remand provision of the statute is remedial. It is not an alternative procedure for aggravation claims. Because a change in condition after hearing is significant only as aggravation, the Board properly denied the motion.

Affirmed.

---

[2] ORS 656.295(5) provides:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. However, if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action."