Argued and submitted December 19, 1980, resubmitted in banc March 4, affirmed March 9, reconsideration denied May 7, petition for review allowed June 2, 1981

WHIPPLE,
*Plaintiff,*
*v.*
HOWSER et al
*Defendants.*

HOWSER et al
*Appellants,*
*v.*
BEHRENDT,
*Respondent.*

(No. 80-0708-J-3, CA 18103)

624 P2d 648

William E. Duhaime, Medford, argued the cause for appellants. With him on the brief was Brophy, Wilson & Duhaime, Medford.

John W. Eads, Jr., Medford, argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, deSchweinitz & Eads, Medford.

Linda J. Rudnick and Clayton C. Patrick, Oregon Trial Lawyers Association, Salem, filed a brief amicus curiae.

THORNTON, J.

RICHARDSON, J., dissenting opinion.

### THORNTON, J.

This appeal requires us to determine the effect to be given the 1979 Oregon Legislature's amendment of ORS 30.115,[1] the guest passenger statute, removing actions based upon motor vehicle accidents from the statute's recovery limitations.[2] The issue is whether the legislature intended the amendment to apply to an action commenced after October 3, 1979, the amendment's effective date, when the accident upon which the action is based occurred prior to that date. Resolution of this issue depends upon the legislature's intended interpretation of the amendment's "savings clause," which reads:

"Section 8. This Act does not apply to an action or other proceeding commenced before the effective date of this Act."

The question in this case arises as follows: On October 21, 1978, plaintiff was a passenger in a vehicle driven by Monique Behrendt which was involved in a collision with a vehicle owned by one defendant and operated by the other. On February 27, 1980, plaintiff filed

---

[1] At the time of the accident upon which plaintiff based her action in this case, ORS 30.115 provided, in pertinent part:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. * * *

"* * * * *"

[2] As amended by Or Laws 1979, ch 866, § 7, ORS 30.115 presently provides:

"No person transported by the owner or operator of an aircraft or a watercraft as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity of social amenity.

"(2) 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others.

an action seeking damages from defendants for personal injuries she allegedly suffered due to their negligence. On April 7, 1980, defendants filed an answer to plaintiff's complaint and, pursuant to ORCP 22C,[3] a third party action against Monique Behrendt. As third party plaintiffs, they alleged that third party defendant Behrendt's negligence proximately contributed to and caused plaintiff's injuries. They further alleged that if a judgment was returned against them, they were entitled to contribution[4] from third party defendant.

Pursuant to ORCP 21A,[5] third party defendant moved to dismiss that complaint. Specifically, she argued that at the time of the accident, ORS 30.115 barred any recovery by plaintiff and, therefore, third party plaintiffs, absent either an allegation in the third party complaint of her gross negligence or that plaintiff was a "paying" passenger in her vehicle at the time of the accident. Since the third party plaintiffs' complaint contained neither allegation, third party defendant argued that it failed to state a cause of action.

The trial court agreed. Relying on *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1968), the court ruled that the 1979 amendment to ORS 30.115 did not

---

[3] ORCP 22C, in pertinent part, provides:

"C. (1) At any time after commencement of the action, a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff. * * *"

[4] ORS 18.440(1) provides:

"Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant."

[5] ORCP 21A provides, in pertinent part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim * * *."

apply to the third party action and that under the statute's former provisions, the third party complaint failed to state a cause of action. Based on this ruling, the trial court dismissed the third party action and entered an appropriate final judgment. Third party plaintiffs appeal and assign as error the trial court's dismissal of their third party complaint.

A generally recognized fundamental principle of jurisprudence is that retroactive application of new laws is disfavored. The principle is based upon the premise that such application involves a high risk of potential unfairness.

> "* * * Perhaps the most fundamental reason why retroactive legislation is suspect stems from the principle that a person should be able to plan his conduct with reasonable certainty of the legal consequences. Thus *The Federalist* stressed the desirability of protecting the people from the 'fluctuating policy' of the legislature. Closely allied to this factor is man's desire for stability with respect to past transactions. Moreover, to the extent that statutory law should serve as a guide to individual conduct, this purpose is thwarted by retroactive enactments. Still another reason underlying the hostility to retroactive legislation is that such a statute may be passed with an exact knowledge of who will benefit from it. Finally, there is the strong common-law tradition that although a court's pronouncements may apply to past conduct, a legislature's function is to declare law for the future." (Footnotes omitted.) Hochman, *The Supreme Court and the Constitutionality of Retroactive Legislation,* 73 Harv L Rev 692, 692-93 (1960).

As a general rule of statutory construction, therefore, a legislative enactment is *presumed* to apply only prospectively and will be construed as applying retroactively only where the enactment clearly, by express language or necessary implication, indicates that the legislature intended such a result. 2 Sutherland, Statutory Construction § 41.04 at 252 (4th ed 1973). The courts of this state have long adhered to this general rule. *See Judkins v. Taffe,* 21 Or 89, 27 P 221 (1891); *Pitman v. Bump,* 5 Or 17, (1873); and *Coos-Curry Elec. v. Curry County,* 26 Or App 645, 554 P2d 601 (1976).

We agree with the trial judge that the 1979 amendment to ORS 30.115 did not apply to the third party action. This case is governed by the familiar and well- settled rule of statutory construction referred to above and applied in *Smith v. Clackamas County, supra,* namely, that where an amendment to a statute changes substantive rights, the amendment should not be applied retroactively where its language does not require such application.

In *Smith,* the court was asked to determine whether a statute, changing the basis of recovery from strict liability to liability based on negligence, was to be applied retroactively to a claim based on an accident which had occurred prior to the effective date of the statute, but not filed prior to that date. The legislature had said:

"This Act shall not affect any action, suit or proceeding commenced prior to and pending on the effective date of this Act." Or Laws 1965, ch 300, § 3.

In the case at bar, the legislature used the following language:

"This Act does not apply to an action, suit or other proceeding commenced before the effective date of this Act." Or Laws 1979, ch 866, § 8.

The dissent tries to distinguish the holding in *Smith* from the case at bar. We cannot. In our view, the holding in *Smith* is controlling here. *Accord: Wiebe v. Seely, Administrator,* 215 Or 331, 335 P2d 379 (1959); *Joseph v. Lowry,* 261 Or 545, 495 P2d 273 (1972). *See also* cases collected in Annotation, 98 ALR2d 1105, 1110-1112 ((1964).

Affirmed.

**RICHARDSON, J.,** dissenting.

As noted in the majority opinion, the issue in this case is whether the legislature intended the 1979 amendment to ORS 30.115 to apply to an action commenced after the enactment's effective date, when the accident upon which the action is based occurred prior to that date. Relying on *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1968), the majority concludes that the amendment should not be applied to the present case. The majority is in error. Not only does *Smith v. Clackamas County,*

*supra,* not control the issue here, but a proper interpretation of the legislature's action leads to the conclusion that the legislature intended the amendment to apply to the third party action. Accordingly, I dissent.

The majority states: "As a general rule of statutory construction, * * * a legislative enactment is *presumed* to apply only prospectively and will be construed as applying retroactively only where the enactment clearly, by express language or necessary implication, indicates that the legislature intended such a result." 51 Or App at 89. The majority notes that the basis of this *general rule* is the concern for the potential unfairness to the litigants which might arise from retroactive application of laws. Courts have traditionally been reluctant, in the absence of legislative expression to the contrary, to apply legislation retroactively if to do so would result in unreasonable disruption in the parties' expectations or an unreasonable alteration of the parties legal relationship. That principle focuses almost entirely upon the effect of the legislation.

The overriding consideration in determining proper statutory application, however, is the legislature's *intended* application. Therefore, in applying the general rule noted by the majority, the following considerations must be kept in mind. First, as noted, whether a particular statute should be applied prospectively or retrospectively is solely a matter of ascertaining the legislature's intent. *Perkins v. Willamette Industries,* 273 Or 566, 570, 542 P2d 473 (1975); *Joseph v. Lowery,* 261 Or 545, 552, 495 P2d 273 (1972). Any rule of statutory construction, therefore, can never be conclusive but can serve only as a guide to aid the court in this determination. *Perkins v. Willamette Industries, supra; Joseph v. Lowery, supra; Spicer v. Benefit Ass'n of Ry. Emp.,* 142 Or 574, 17 P2d 1107, 21 P2d 187, 90 ALR 517 (1933). Second, within constitutional limits not in issue in this case, the legislature can provide that *any* enactment be applied retroactively. *Hall v. Northwest Outward Bound School,* 280 Or 655, 572 P2d 1007 (1977). Third, also within constitutional bounds, when the legislature expressly provides that a statute be applied retroactively, we give effect to that expression regardless of the enactment's effect on the legal relationship or expectations of the parties. *Kirby*

*v. Sonville,* 286 Or 339, 594 P2d 818 (1979); *Hall v. North-west Outward Bound School, supra; Fullerton v. Lamm,* 177 Or 655, 163 P2d 941, 165 P2d 63 (1945); *City of Salem v. Noble,* 45 Or App 453, 608 P2d 603 (1980). Finally, and most significantly to the case at bar, even where the enactment does not contain express language indicating the legislature's intent, the enactment should nonetheless be applied retroactively if we can otherwise determine that the legislature intended such a result. *Spicer v. Benefit Ass'n of Ry. Emp., supra.* In sum, we are bound to determine and give effect to the legislature's intent, not simply determine the effect of the amendment.

The majority concludes that the issue in the present case is controlled by the general presumption against retroactive application in cases where the legislation affects the rights and liabilities of the parties arising out of their preexisting transaction. By applying the "legislative effect" rule of construction and by relying on *Smith v. Clackamas County, supra,* the majority claims to correctly dispose of the issue before us on appeal. The majority's analysis and, therefore, its conclusion, is incorrect in two respects. First, for reasons stated below, *Smith v. Clackamas County, supra,* is distinguishable from the case at bar, in addition to being an arguably questionable decision which this court should not strain to follow. Second, the "legislative effect" rule of construction, contrary to the majority's apparent opinion, is merely one of a myriad of rules developed over the years to aid courts in determining legislative intent. Though widely applied by our appellate courts, it is neither determinative of every application issue nor the issue in the present case.

As noted in the majority opinion, the court in *Smith* was asked to determine whether a statute changing the basis of a party's legal liability was to be applied retroactively to a claim based on an incident which occurred prior to the effective date of the statute, but not filed prior to that date. The court reviewed the enactment's savings clause and noted:

"The wording of Section 3 of the amending law brings into conflict two concepts frequently considered as guides to statutory construction: (1) statutes are presumed to be prospective, and will be considered to be retrospective only

when such intent is clearly spelled out; and (2) the inclusion of specific matters tends to imply a legislative intent to exclude related matters not mentioned." 252 Or at 233.

Plaintiff argued that the legislature's intent was to apply the amendment retroactively. The Supreme Court disagreed. Notwithstanding consideration to be given the amendment's statutory *language,* the court concluded that the presumption against retroactive application prevailed because the amendment changed the basis of legal liability. The court reasoned that though the legislature expressed its intent not to apply the old statute to pending actions, it left *unexpressed* its intent with reference to causes of action which accrued prior to the amendment's effective date, but which had not yet been filed. The court noted:

> "In the absence of some logical reason for a distinction, there is no basis for an inference that the Assembly intended to draw a distinction between actions filed by a certain date and actions accrued but not filed by that date. Counsel have suggested no basis for a distinction and we have found none. Accordingly, we believe that the presumption against retroactive legislation should prevail." 252 Or at 233-34.

The court's reasoning in *Smith* is questionable in two respects: First, the mere fact that the statutory language did not address the precise issue presented in *Smith* should not have been determinative. Statutory language is not the sole guide to legislative intent. That intent can also be drawn from the obvious implications which follow from language used.

If the rationale of *Smith* is correct, i.e., that legislation effecting substantive rights applies prospectively, then the savings clause enacted by the legislature was redundant and meaningless. Obviously an action pending on the effective date of the statutory amendment has accrued on that date. Thus, the rule applied in *Smith* would exclude all actions which had accrued prior to the amendment, regardless of the date the action was commenced by judicial proceedings. If the legislature intended what the court in *Smith* presumed it did, then it was unnecessary for the legislature specifically to address the application of the new law to pending actions.

Because we are construing legislation, we should give effect to all of the language used rather than simply apply judicial policy which in effect denies meaning to certain statutory phrases. I conclude the legislature had a purpose in mind in enacting the savings clause reviewed in *Smith* and in this case. The legislature in both instances intended the amendment to apply to all causes of action except those which had already become the subject of legal action. Enactment of the savings clause demonstrates that the legislature was concerned with the effect of applying the amendment retroactively. It chose only to save pending action from the new legislation.

Second, contrary to the court in *Smith,* I discern logical reasons why the legislature would have drawn a distinction between pending cases and cases which had accrued but were not yet the subject of legal action. The unfairness to the litigants and the disruption in judicial administration which would result from applying the amendment to pending cases is obvious. Any change in the legal posture of a case at a point when the case is pending in court would be disruptive. Investigation of claims, as well as the rendition of legal advice based upon existing law, may have occurred. Pleadings, discovery, trial preparation, compromise and settlement of claims may have been conducted in reliance on existing law. On the other hand, changing the basis of the parties' liability prior to the time legal action is taken would be far less unfair. That the legislature would have drawn such a distinction seems both logical and reasonable. Regardless of whether the change affected the "substantive" rights of the parties, the clear and compelling implication to be drawn from the legislature's action was that the legislature intended the amendment to be applied to the case before the court.

Assuming *Smith* was correctly decided, that case is distinguishable from the case at bar. Merely because the enactments in *Smith,* and in the present case, affect "substantive" rights and contain similar savings clauses, does not resolve the question before us. Contrary to the majority's apparent belief, the legislation's *effect* is not the only guide to legislative intent. Recent decisions by both of our appellate courts have questioned the soundness of the "substantive"/"procedural" distinction embodied in the rule.

*Mahana v. Miller,* 281 Or 77, 80, 573 P2d 1238 (1978); *Holmes v. SAIF,* 38 Or App 145, 589 P2d 1151 (1979). There are other rules of construction to assist courts in the search for legislative intent. Of particular assistance in the present case, ignored by the majority, are those rules which examine not only the legislation's *effect* but the *nature* of the legislature's action.

It is well settled that amendatory acts, such as that in issue in *Smith,* which change legislative judgments are presumed, in the absence of legislative directive to the contrary, to fall within the general rules against retroactive application. On the other hand, amendatory acts, such as that in issue here, which *repeal outright* existing legislation, are presumed to evidence a contrary legislative intent. 1A Sutherland, Statutory Construction, § 22.36 (4th ed 1973).

Where the legislature repeals outright a law limiting the right of motor vehicle passengers to recover from their host drivers, the general rule against retroactive application does not apply *absent* a clear expression of legislative intent to the contrary.

> "* * * [T]he general rule against the retrospective construction of statutes does not apply to those provisions of the original act repealed by the amendment, whether affecting substantive or procedural rights. In the absence of a saving clause or statute, or some other clear indication that the legislative intent is to the contrary, all rights dependent on the repealed provisions of the original act which had not vested or been prosecuted to completion prior to the enactment of the amendment are destroyed. * * *" (Footnotes omitted.) 1A Sutherland, Statutory Construction, § 22.36 at 200.

The presumption with respect to such legislative action is completely opposite to the general presumption against retroactivity applied by the majority. Thus, it is presumed in such cases that the legislature intended retroactive application, absent a clear contrary expression of intent. Even more significantly, in the present case the right repealed was both purely statutory in origin *and* in derogation of the common law.

> "The effect of the repeal of a statute where neither a saving clause nor a general saving statute exists to prescribe the governing rule for the effect of the repeal, is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed.
>
> "* * * * *
>
> "Under common law principles all rights, liabilities, penalties, forfeitures and offenses which are of purely statutory derivation and unknown to the common law are effaced by the repeal of the statute which granted them, irrespective of the time of their accrual. * * *" (Footnotes omitted.) 1A Sutherland, Statutory Construction, § 23.33 at 279-80.

In the context of that principle of statutory analysis, the savings clause addressed only to pending actions makes sense. Applying the majority's rationale, the savings clause is unnecessary verbage addressing a nonexistent problem.

Application of these rules shows the error in the majority's conclusion. The legislature did not specifically "save" actions accrued prior to the amendment's effective date, but not yet filed. Having not "saved" such actions, they are "effaced by the repeal of the statute which granted them." From the foregoing rules of construction, it is evident that neither *Smith* nor the general presumption against retroactive application determines the issue here. Because the majority applied *Smith,* it erred, and because of that error, the conclusion reached is incorrect. I would hold that the trial court erred is dismissing the third-party complaint and would reverse and remand. Therefore, I dissent.

Joseph, C.J., and Buttler, J., join in this dissent.