Argued April 26, reversed and remanded August 17, 1977

## TROYER, *Petitioner,*

*v.*

## PUBLIC WELFARE DIVISION et al, *Respondents.*

## (No. 4-25/01-SZ0054-9, CA 7570)

567 P2d 594

Amy Veranth, Legal Aid Service, Portland, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner appeals an order of the Public Welfare Division (PWD) which allowed the PWD to deduct from his Federal Supplemental Security Income check (SSI) an amount equal to the assistance payments made to him.

Petitioner received general assistance through the PWD from April 24, 1974, until October, 1976, when he began receiving SSI benefits. He was eligible for SSI benefits as of November, 1974, but had received no payments until September, 1976. On that day a check was issued to him which included SSI benefits retroactive to November, 1974.

Petitioner, each time he applied for general assistance, had signed an Interim Assistance Agreement provided on a PWD form. This agreement included a promise to reimburse the PWD for the general assistance from SSI payments, and authorized the PWD to receive the SSI checks, deduct the amount of assistance paid, and remit the balance to petitioner. Pursuant to this agreement petitioner's SSI check was sent directly to the PWD. The PWD deducted from the check an amount equal to the assistance petitioner had received from November, 1974, to September, 1976, the balance was paid to petitioner.

ORS 411.105(2), which became effective May 21, 1975, authorized the PWD to recover general assistance paid a recipient who subsequently receives SSI benefits. That statute provides:

"(2) The division [PWD] may recover any general or public assistance which has been paid to any recipient when that recipient is presently receiving or subsequently receives supplemental security income. The amount of recovery shall be limited to the total amount of supplemental security income that was received for the same time period that the general or public assistance was being paid."

Petitioner contends the PWD cannot recover any assistance payments made to him prior to the date

ORS 411.105(2) became effective. He makes two arguments in support of his contention. First, that this statute cannot be applied retroactively to create an obligation that did not exist prior to its enactment. Second, the assistance agreements signed prior to May 21, 1975, insofar as they purport to show a promise by him to reimburse the PWD for the assistance payments, are not binding for lack of consideration.

Prior to the enactment of ORS 411.105(2) the PWD had no authority to recover assistance payments from SSI benefits. Consequently, deduction from petitioner's SSI check of amounts attributable to assistance payments prior to the act cannot be based on authority of this statute unless it can be given retroactive effect. The Division argues the wording of the statute, which states the PWD may recover assistance which "has been paid," when the recipient "subsequently receives supplemental security income," supports an interpretation that if SSI benefits are received the PWD is authorized to deduct all assistance previously paid, whether before or after the effective date of the statute.

■ Statutes should be construed to operate prospectively unless an intent appears in the wording of the statute to require retroactive effect. *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 367 P2d 436 (1961); *Lommasson v. School Dist. No. 1,* 201 Or 71, 261 P2d 860, 267 P2d 1105 (1954); *Spicer v. Benefit Ass'n of Ry. Emp.,* 142 Or 574, 17 P2d 1107, 21 P2d 187, 90 ALR 517 (1933); *Denny v. Bean,* 51 Or 180, 93 P 693, 94 P 503 (1908). The Supreme Court in *Kempf v. Carpenters and Joiners Union, supra,* stated the principle in these terms:

> "* * * Unless retroactive construction is mandatory by the terms of the act it should not be applied if such construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions." 229 Or at 343.

■ We do not read the terms of ORS 411.105(2) as

[ 572 ]

mandating retroactivity. The words pointed out by the Division, i.e., "which has been paid," refer to assistance payments made since the effective date of this section. To adopt the construction suggested by the Division would allow recovery of any previous assistance paid since the inception of the general assistance program. We do not think the legislature intended such a result by use of the phrase "which has been paid."

Applying this statute retroactively would create a new obligation and duty for an assistance recipient which did not exist prior to enactment of this statute. The parties stipulated that prior to the effective date of this act petitioner was eligible to receive assistance and would have received the assistance payments whether or not he had signed the agreement to allow recovery from SSI benefits. After the statute went into effect it is conceded the Division had authority to require execution of the agreements as a condition of eligibility for general assistance. The retroactive imposition of this condition of eligibility conflicts with the principle set out in *Kempf v. Carpenters and Joiners Union, supra.* We hold ORS 411.105(2) cannot be applied retroactively to impress a lien on petitioner's SSI benefits for assistance paid prior to this statute's effective date.

The Division also contends the agreements signed by petitioner prior to the effective date of the act authorized the recovery of the assistance payments apart from the statute. Petitioner argues the agreements signed prior to May, 1975, are unenforceable for lack of consideration. We do not reach that issue. When ORS 411.105(2) became effective the Division had the authority to condition receipt of assistance upon execution of a reimbursement agreement. Prior to enactment of this statute, however, no such authority existed. These agreements which the Division now seeks to enforce would, in effect, allow the Division to accomplish by contract what the statute did not allow. The Division cannot place unauthorized contractual

[ 573 ]

limitations on the statutory entitlement to assistance. The agreements being made without authority are unenforceable.

Reversed and remanded.

**SCHWAB, C. J.,** specially concurring.

A possible implication of the majority opinion is that any agreement made by a state agency without specific statutory authority is therefore unenforceable. This may not always follow.

I do agree with the majority opinion insofar as it holds in effect that a state agency cannot place unauthorized contractual limitations on what is conceded by it to be a statutory entitlement.