Argued November 20, 1978, affirmed April 23, reconsideration
denied June 5, petition for review denied July 10, 1979

DAVIS et al, *Respondents,*
*and*
TYNER, *Intervenor-Respondent-Cross-Appellant,*
*v.*
CIVIL SERVICE BOARD
OF PORTLAND et al,
*Appellants-Cross-Respondents.*
(No. A 78-05-07360, CA 11570)

593 P2d 1209

Richard A. Braman, Sr. Deputy City Attorney, Portland, argued the cause for appellants-Cross-Respondents. With him on the briefs was Christopher P. Thomas, City Attorney, Portland.

Jack D. Howe, Portland, argued the cause for respondents. With him on the brief was Kirkpatrick & Howe, Portland.

C. Brian Scott, Oregon City, argued the cause for Intervenor-respondent-cross-appellant. With him on the briefs was Schumaker & Bernstein, Oregon City. Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Civil Service Board (Board) appeals a declaratory judgment requiring it to add veterans' preference points to plaintiffs' civil service promotional examination scores. The issue is whether an amendment to the veterans' preference statute, which took effect October 4, 1977, would apply to a civil service eligibility list established on April 30, 1976.

The Board is authorized to conduct competitive examination of candidates for appointment and promotion to positions in the City Fire Bureau. After the examinations are graded, the scores are published in an eligibility list in decending order. When a vacancy occurs, the Board is notified and certifies to the appointing authority the three highest ranking candidates on the eligibility list. The appointing authority is obligated to consider one of the three candidates for appointment.

Plaintiffs are armed forces veterans who at the time of their appointment as firefighters did not qualify for veterans' preference points. Plaintiffs and plaintiff-intervenor took a promotional examination for fire captain and were placed on the April 30, 1976, eligibility list. Plaintiffs Davis, Getch and Hamm ranked fifth, tenth and fourteenth, respectively. Plaintiff-intervenor ranked sixteenth.

The promotional eligibility list was to be operational for three years. On October 4, 1977, subsequent to promulgation of the eligibility list, Oregon Laws 1977, Chapter 854, became effective. It, *inter alia,* amended the veterans' preference statutes, ORS 408.210 through 408.290, by broadening the coverage to include veterans with plaintiffs' type of military service.

In addition, chapter 854 amended ORS 408.230(1). Prior to the amendment that section provided:

> "Every war veteran and disabled veteran who has successfully completed all phases of a civil service *entrance* test shall be allowed preference on the list

[697]

established as a result of such test. \* \* \*" (Emphasis added.)

The amendment deleted the word "entrance," thus making the veterans' preference applicable to promotional as well as entrance tests. If the preference points were added to plaintiffs' and plaintiff-intevenor's scores they would rank one through four on the eligibility list. Subsequent to the effective date of the amendment, plaintiffs requested the Board to add the veterans' preference points to their scores on the promotional examination. The request was denied.

Plaintiffs filed a declaratory judgment action seeking to require the Board to add veterans' preference points and amend the eligibility list accordingly. Plaintiff Tyner was allowed to intervene. He contended that he was entitled to veterans' preference points under the amended ORS 408.235(1), which provides:

"A veteran is eligible to use the preference provided for in ORS 408.230 only for a position for which application is made within 15 years of discharge or release from service in the Armed Forces.\* \* \*"

He argues although he left active duty more than 15 years prior to the promotional examination he served in an Army Reserve unit until 1962. The 15 year limit, he argues, should run from 1962 and not from the date of his transfer from active to reserve service.

The facts alleged in plaintiffs' and plaintiff-intervenor's complaint were admitted by the Board. The court granted plaintiff's motion for summary judgment and decreed that the Board correct the eligibility list to reflect the veterans' preference according to the amended statute and revoke the previous certification of the eligibility list.[1]

---

[1] We are informed by defendants' brief that subsequent to the filing of this action Lieutenant Bender, who was first on the existing eligibility list, was appointed to a vacant position of Fire Captain. Defendants also state in their brief that subsequent to entry of the judgment Lieutenant Bender was removed from the position and plaintiff Davis was appointed and a

Respecting the intervenor's claim, the court held he was not entitled to a veterans' preference because his release from active service was more than 15 years prior to the examination. Plaintiff-intervenor cross-appeals that portion of the court's judgment.

The issue posed by the parties is whether changing the existing eligibility list to add the veterans' preference points is a retroactive application of the amended statute. Defendants argue the eligibility list was established prior to the effective date of the amendment and a correction of the list would be applying the statute retroactively. They contend such application would affect the rights of all candidates who presently rank higher than plaintiffs to maintain their relative positions on the list.

Plaintiffs argue the legislature intended the preference points to be applied upon the amendment becoming effective. They contend the certification of the top three candidates on the list occurs when the Board is notified of a vacancy by the appointing authority. Since, they contend, that is the critical time when certification occurs correcting the list to reflect veterans' preference points does not require a retroactive application of the statute.

The statute in question provides:

"Every veteran and disabled veteran who has successfully completed all phases of a civil service test shall be allowed preference on the list established as a result of such test. Preference means that

second position of Fire Captain was filled by appointment of plaintiff Getch. The only issue in this case is whether the eligibility list should be corrected. Recitation of these extra-record facts do not require determination of the validity of Lieutenant Bender's promotion or his removal from the position. The due process problems which arise in setting aside the appointment of a person who is not a party to this proceeding are avoided by the remedial limitation which permits only the correction of the test scores. We express no opinion as to the validity of Lieutenant Bender's appointment or the propriety of returning him to his previous rank. The decree should be confined to requiring the Board to correct the eligibility list as of the effective date of the amended statute.

> to the score of a veteran who has passed a test five points shall be added, and to the score of a disabled veteran who has passed the test 10 points shall be added. * * *" ORS 408.230(1).

The purpose of the veterans' preference statute is to accord qualified veterans an advantage in hiring and promotion in the classified service. The method selected by the legislature to accord this advantage was to require civil service examiners to add preference points to the veterans' examination score. Although a person must be one of the top three candidates on the eligibility list to be considered for promotion, the preference is accorded for the purpose of promotion and not for the purposes of being placed on this eligibility list. In other words the eligibility list is merely the vehicle for giving qualified veterans a preference in promotion when a vacancy occurs.

The plaintiffs' complaint alleged that several vacancies were due to occur in the rank of Fire Captain before the eligibility list expired. It is conceded that plaintiffs are all qualified veterans entitled to five preference points and would be the top three candidates if the list were corrected. If the list were not corrected plaintiffs would be effectively denied the veterans' preference to which they were entitled in seeking promotions to the positions of Fire Captain. According them the preference the statute provides for promotion to vacancies that occur after the effective date of the amendment is not a retroactive application of the statute. It is an amendment of existing eligibility but by operation of the statute which applies prospectively to promotions after the date of the amendment.

■ It is a common practice of civil service commissions and boards to establish an eligibility list in advance of a vacancy and to keep the list operational for a set period of time. The legislature, in amending the veterans' preference statute, was undoubtedly aware

of this practice reflected in statute and local ordinances. It is doubtful the legislature intended the veterans' preference to be applied in a piecemeal fashion as each established list expired and a new list was created. Correcting the existing eligibility list will effectuate the legislative purpose to give qualified veterans a preference in promotions. Declining to amend the list will frustrate that purpose until a new list is established. We conclude the legislature intended the veterans' preference points to be added to existing eligibility lists. *See Perry v. O'Farrell,* 120 Colo 561, 212 P2d 848 (1949); *Smith v. Little Rock Civil Service Comm.,* 214 Ark 765, 218 SW 2d 366 (1949).

Plaintiff-intervenor appeals the portion of the decree which held he was not entitled to veterans' preference points. The applicable statute, ORS 408.235, requires an eligible veteran to use the preference points within 15 years "of discharge or release from service in the Armed Forces." The veterans' preference statutes do not define "service in the Armed Forces." Defendants argue construing the several statutory sections together illustrates the legislature intended the release to be from active service. Plaintiff-intervenor contends after his release from active service he was transferred to a reserve unit to serve a mandatory period and thus the time should be counted from his discharge from the mandatory service.

■ A veteran who is entitled to the preference points
"* * * means a person * * * who served on active duty with the Armed Forces of the United States for a period of more than 180 consecutive days * * *. Attendance at a school under military orders, except schooling incident to an active enlistment or regular tour of duty, or normal training as a reserve officer or member of an organized reserve or national guard unit shall not be considered active duty." ORS 408.225(1).

The legislature specifically excluded service in a reserve unit from the computation of the period of

active duty necessary to receive preference points. It is doubtful the legislature intended that this specifically excluded service could be tacked on to active duty service in order to extend the time veterans' preference points could be received. We conclude the limitation should begin to run from the time a person is released from the militaty service which entitles him to preference points, i.e., active service. Plaintiff-intervenor was released from active duty service more than 15 years prior to the time he made application for promotion. He is not entitled to veterans' preference points.

Affirmed.

**JOSEPH, J.,** dissenting in part; concurring in part.

If the majority's conclusions on the effect of the 1977 law were only doubtful, I would defer. I believe, however, that the majority's result can only be achieved by convolution, and that the simple and correct decision has been missed. I therefore must dissent.[1]

The appellants' brief contains straightforward analysis which shows the trial court's primary error. That language, with slight emendation, should be our opinion:

"No provision in Chapter 854 *** could be said to manifest a legislative intent that it operate [on eligibility lists already in existence at the effective date of the Act]. Both before and after October 4, 1977 when Chapter 854 took effect, ORS 408.230(1) has mandated that every veteran 'who has successfully completed all phases of a civil service *** test shall be allowed preference on the list established as a

---

[1] In addition to my general dissent, I also note that the following sentence is dubious: "The amendment deleted the word 'entrance,' thus making the veterans' applicable to promotional as well as entrance tests." 39 Or App at 698. For the purpose of *this* case *only*, the statement may be taken as correct.

result of such test.' When testing for a particular position is completed, the scores are tallied and veterans preference points [if available] are added. The list [which] is then published [is the list] 'established as a result of such test.' To alter a promotional list that was established in 1976 only because the 1977 Act allows preference points on promotional tests [in the absence of a clear legislative mandate] by the terms of the Act, is clearly erroneous.

"[The trial court relied on a 1978 opinion of the Attorney General which stated in part]:

" '*** The Oregon Supreme Court has reaffirmed the general rule of statutory construction that, in the absence of a contrary direction, statutes will not apply retroactively. *Joseph v. Lowery,* 261 Or 545, 551-552, 495 P2d 273 (1972). No retroactive effect, however, is required where eligible lists prepared *prior* to October 4, 1977, are corrected in order to comply with [Chapter 854] as it applies to appointments and promotions made *after* October 4, 1977.'

"[It is impossible to take seriously] the foregoing statement insofar as it states that there is no retroactive effect [in the sense of impairing preexisting protected legal expectations] where prior eligible lists 'are corrected' to comply with Chapter 854. One corrects something to make or set it right. Webster's New Collegiate Dictionary (1974) 255 ***. If an eligible list complied with the law in effect at the time it was established, it was not wrong and therefore is not subject to correction. If the Attorney General used 'corrected' as synonymous for 'amended,' there is no difference whatever between correcting a prior eligible list to comply with Chapter 854 and applying Chapter 854 retroactively.

"[It is also equally difficult to understand] the [quotation from the Attorney General's opinion] insofar as it states that Chapter 854 'applies to appointments and promotions.' Chapter 854 does not apply to appointments and promotions at all. It applies exclusively to the allowance of preference on a list established as a result of a civil service test successfully completed by a veteran or disabled veteran. ORS 408.225 to 408.235. That is why, when the trial court

[703]

applied Chapter 854 to an eligible list established in 1976, it [was effectively applying] the 1977 Act retroactively."[2]

That would be enough. I would note, however, that the majority misleads itself. It says, 39 Or App at 700:

"*** Although a person must be one of the top three candidates on the eligibility list to be considered for promotion, the preference is accorded for the purpose of promotion and not for the purposes of being placed on this eligibility list."

If that sentence were accurately recast, it would be even clearer that the quotations above from the appellants' brief are more nearly obviously correct: A person must be one of the top three candidates on the eligibility list to be considered for promotion, and the preference is accorded for the purpose of establishing a position on a promotion list and not merely for the purpose of being placed on the list somewhere.

These cases are compelling authority against the trial court's and the majority's conclusion: *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 367 P2d 436 (1961); *Childers v. Civil Ser., Washington Co.,* 232 Or 327, 375 P2d 417 (1962); *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972); *State ex rel Town Concrete v. Andersen,* 264 Or 565, 505 P2d 1162 (1973); *Cole v. Zidell Explorations, Inc.,* 275 Or 317, 550 P2d 1194 (1976); *Coos-Curry Elec. v. Curry County,* 26 Or App 645, 554 P2d 601 (1976); *Troyer v. Pub. Wel. Div.,* 30 Or App 569, 567 P2d 594; and *Emp. Div. v. Bechtel,* 36 Or App 831, 585 P2d 769 (1978).

With respect to the intervenor's claim, if it be reached at all, the majority is correct.

---

[2] Words in brackets are emendations by the author of this opinion.