No. 81-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

HILDA MARIE IVERSON,

Claimant and Appellant,

vs.

ARGONAUT INSURANCE COMPANY,

Defendant and Respondent.

Appeal from:   Workers' Compensation Court
               Hon. Timothy Reardon, Judge presiding.

Counsel of Record:

    For Appellant:

    James A. Cumming, Columbia Falls, Montana

    For Respondent:

    Garlington, Lohn and Robinson, Missoula, Montana

Submitted on briefs:  March 25, 1982

Decided:  June 9, 1982

Filed: JUN 9 - 1982

Thomas J. Kearney
                                        Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Hilda Iverson became entitled to benefits under Montana Workers' Compensation Law when her husband was killed in an industrial accident. Upon her remarriage, Argonaut Insurance Company (Argonaut) terminated her benefit payments. She filed a petition for resumption of payments in the Workers' Compensation Court. The court found against Mrs. Iverson. From that judgment she appeals.

We affirm.

The issue presented is:

Whether the lump sum payment provided for in 92-704.1(4), R.C.M. 1947 (now provided for in 39-71-721(5), MCA), which became effective on July 1, 1973, can be applied to a widow whose husband was killed in an industrial accident before the effective date and she remarries after the effective date.

On March 22, 1973, Hilda Iverson was married to Gordon J. Iverson. On that date he was killed in an industrial accident. His employer was insured for industrial accidents by Argonaut. Subsequent to the date of his death, Argonaut commenced making death benefit payments to Mrs. Iverson of $40.00 per week.

On November 7, 1977, Mrs. Iverson married Virgil Dennison. Argonaut terminated payments to her on August 15, 1978, and has made no payments to her since that date. The total benefits paid to Mrs. Iverson by Argonaut after November 7, 1977, was the sum of $207.45.

On the date of Gordon Iverson's death, the statute in effect was 92-502, R.C.M. 1947, which provided:

"If any beneficiaries or major or minor de-
pendents of a deceased employee die, or if
the widow or widower remarry, the right of
such beneficiary or major or minor dependent
or such widow or widower to compensation
under this act shall cease."

Two weeks before Gordon Iverson was killed, the legislature

enacted a new statute which became effective July 1, 1973.

The new statute, 92-704.1, R.C.M. 1947, provided:

"Death benefits shall be paid to a widow or
widower for life or until remarriage, and
in the event of remarriage two (2) years'
benefits shall be paid in a lump sum to
the widow or widower."

This Court has previously held that workers' compensation

benefits to an injured worker are determined by the statutes

in effect at the time of the injury.  2 A. Larson, The Law of

Workmen's Compensation §64.50; N. Grosfield, Montana Workers'

Compensation Manual at 31 (1979); Simons v. C. G. Bennett

Lumber Company (1965), 146 Mont. 129, 133, 404 P.2d 505,

507.  Although this Court has not expressly ruled that

benefits to beneficiaries other than the injured employee

are determined at the date of injury, the general rule is

stated at 82 A.L.R. 1244, 1245 (1933):

"As regards the rights of relatives or depen-
dants of a deceased employee to compensation,
it is generally held that their rights are
controlled by the law as it existed at the
time of the injury to the employee, rather
than the law as it existed at his death or at
the time of the award, the theory being that
the workmen's compensation act does not create
new rights of action in the relatives or
dependants of an employee on his death, but
that his right merely survives for their bene-
fit."

In Yurkovich v. Indus. Acc. Bd. (1957), 132 Mont. 77,

86, 314 P.2d 866, 872, a worker was injured on January 19,

1955.  On July 1, 1955, a new statute became effective

increasing the benefit schedule.  The District Court applied

the new payment schedule.  This Court found no evidence that

the legislature intended a retroactive application of the new schedule and required the District Court to apply the law in effect at the time of the injury.

Section 1-2-109, MCA, provides: "No law contained in any of the statutes of Montana is retroactive unless expressly so declared." There is no indication that the legislature intended the lump sum payment upon remarriage to apply retroactively.

We hold that benefits to beneficiaries under workers' compensation claims are determined by the statutes in effect at the date the worker was injured. Mrs. Iverson's right to benefits were correctly determined by the statutes in effect when her husband was injured.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices