No. 83-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

LELAND D. TRUSTY,

               Plaintiff and Appellant,

-vs-

CONSOLIDATED FREIGHTWAYS,  Employer,

    and

CONSOLIDATED FREIGHTWAYS,

               Defendant and Respondent.

---

APPEAL FROM:  Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Donald D. Sommerfeld argued; Towe, Ball, Enright
        and Mackey, Billings, Montana

    For Respondent:

        Garlington, Lohn & Robinson; Robert E. Sheridan
        argued, Missoula, Montana

---

Submitted: January 13, 1984

Decided: May 24, 1984

Filed: MAY 24 1984

*Ethel M. Harrison*

---
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant brings this appeal from a Workers' Compensation Court's judgment determining that claimant was only entitled to a 50% offset of Social Security benefits, including auxiliary benefits against his Workers' Compensation disability benefits and denying penalty and attorney's fees. This action arose following this Court's ruling in McClanathan v. Smith (1980), 186 Mont. 56, 606 P.2d 507, that Montana's former offset statute, Section 92-702.1 Revised Codes of Montana (1947), in effect between July 1973 to July 1974, was constitutionally unenforceable. Appellant then sought to recover for underpayment due to excessive offsets.

The parties are in agreement to the following facts: On May 21, 1974, Leland Trusty suffered a severe injury while working within the scope and in the course of his employment with Consolidated Freightways. He slipped while putting chains on a truck, thereby injuring his back. This rendered him totally permanently disabled. A report by Dr. Teal confirms this determination.

Appellant began receiving Social Security disability benefits for himself and two auxiliaries (his children). He was also entitled to $131 per week in Workers' Compensation benefits. Section 92-702.1 R.C.M. (1947), permitted a 100% offset of total benefits received from Social Security against the Workers' Compensation benefits. In January, 1975, the Social Security Administration made some minor adjustments to correct errors it made in their computations. In May, 1976, it terminated his benefits and later in

September of 1978, it reinstated Trusty's benefits excluding auxiliaries. Following the McClanathan decision, Trusty sought to recover the underpayment for the excessive offset of benefits. On January 11, 1982, respondent began using a 50% offset rate based upon the McClanathan decision. On August 2, 1982, respondent paid Trusty $2,844.88 for previous underpaid benefits. Trusty then brought this action to recover further underpayments of benefits by claiming no offset amount should have been applied against his Workers' Compensation benefits. The Workers' Compensation Court ruled against Trusty. We reverse in part the Workers' Compensation Court.

Appellant raises four issues for appeal:

(1) Did the court err in permitting the respondent to use a 50% offset rate against appellant's benefits from his Social Security benefits?

(2) Did the court err in permitting respondent to include appellant's auxiliaries in the offset formula?

(3) Is appellant entitled to a (20%) penalty under Section 39-71-2907, MCA?

(4) Is appellant entitled to attorney's fees and costs as provided in Section 39-71-611, MCA?

Appellant's first issue raises the question of what rate of offset, if any, applies to appellant. He argues that McClanathan voided the 100% offset and thereby left no provision for offset in effect at the date of his accident. The 50% offset statute that became effective July 1, 1974, cannot be retroactively applied to appellant. We agree.

In July, 1973, Montana's former offset statute became effective. Section 92-702.1 R.C.M., provided for a 100%

-3-

offset of Social Security benefits:

> "In cases where it is determined that periodic benefits granted by the Social Security Act, 42 U.S.C. 301 (1935), are payable because of the injury, the weekly benefits payable under this section shall be reduced by the amount of federal periodic benefits for such week." Section 92 702.1, R.C.M. (1947)(as enacted in 1973).

In July, 1974, the statute changed to permit an offset of 50% as provided in Section 39-71-702(2), MCA.

In McClanathan, supra, this Court struck down the former statute by ruling it constitutionally unenforceable. This 100% offset provision in the statute became void and unenforceable as a result of the McClanathan decision.

The statutes in effect at the time of the injury set the standards by which the benefits for the claimant are to be computed. Iverson v. Argonaut Ins. Co. (Mont. 1982), 645 P.2d 1366, 39 St.Rep. 1040. Appellant suffered his injury during the period the 100% offset statute was in effect. McClanathan left no enforceable offset statute that could be applied to persons injured during the period between July 1, 1973 (effective date of the 100% offset statute) and July 1, 1974 (effective date of the 50% offset statute). Therefore, no offset against appellant's benefits applies.

Respondent argues that McClanathan established a 50% offset for those claims arising during the 1973-74 period. McClanathan, after finding the former offset statute constitutionally unenforceable, applied a 50% offset into the benefits.

Respondent futher contends that the 1974 50% amendment applies to the appellant's benefits. The legislature did not take away or impair vested rights which were aquired

-4-

under existing law. Respondent reasons that the legislature merely reduced the offset from 100% to 50% and thereby lessened the burden. Appellant cites Williams v. Wellman-Power Gas Inc. (1977), 174 Mont. 387, 571 P.2d 90. In that case, this Court permitted the extension of the statute of limitations. This Court held that an amendment enacted after the date of an accident could be applied so as to extend the statute of limitations for filing a claim on the injury. This Court reasoned the legislative action in that case merely acted prospectively to expand a right.

We distinguish Williams, supra, in that no impairment of vested rights occurred in that case. In the instant case, such impairment clearly would occur if the 50% offset were applied to the benefits. To apply this 50% offset statute would produce retroactive application of the law. The statute in effect on the date of the injury determines the benefits to be received; Iverson, supra. That sets the contractual rights and debts of the parties. In the instant case, once the 100% offset statute was found constitutionally unenforceable, that portion of the statute became void. This Court cannot come back and change the statute to a 50% offset. Once we found the statute constitutionally unenforceable, then no offset remains in effect.

We hold that the benefits due to the appellant under his Workers' Compensation award shall not be reduced by an offset for Social Security benefits. The Workers' Compensation Court's judgment permitting a 50% offset is reversed. The 50% offset provision contained in Section 39-71-702, MCA, enacted after the accident cannot be

-5-

retroactively applied.

Appellant contends, in his second issue, that the benefits for auxiliaries cannot be included in the formula for offsets against the Workers' Compensation benefits. He stresses that the federal statutes only permit the offset of the primary benefits and not the auxiliary benefits. We disagree.

42 U.S.C. Section 424(a) permits the state Workers' Compensation plans to offset benefits received under the Social Security Act. In McClanathan, we reasoned that the offset of the disability benefit pertained only to primary insurance benefits.

> "This is recognized, . . . in the provisions of 42 U.S.C. Section 424a(d) . . . which refers to 'benefits under section 423 of this title.'
>
> "The benefits to which appellant is [sic] entitled under 42 U.S.C. Section 423 are disability benefits, not cost-of-living benefits, and are defined as 'equal to his primary insurance amount for such month' calculated as though he had attained age 62. It is evident that the provisions of 42 U.S.C. Section 424a(d) allowing the states to provide an offset contemplate only the benefits recoverable under 42 U.S.C. Section 423, relating to the individual's primary insurance benefits." 186 Mont. at 63, 64, 606 P.2d at 511, 512.

We then went on to hold that the cost of living increase could not be used as part of the offset to reduce the benefits.

In McClanathan, we found there was no equal protection problem in the different application of offset involving a disabled person without dependents. We never addressed the issue if the federal statutory scheme permits the state offset statutes to apply against auxiliary benefits to

dependents. We find it does include these benefits as part of the offset formula.

In examining 42 U.S.C. Section 424(a), it appears Congress intended to reduce the total benefits received by the disabled person to 80% of his/her average current income. This reduction in benefits creates an incentive for the person to seek rehabilitation and attempt to overcome the disability by developing new skills for employment.

Congress permitted the states to benefit from provisions formerly limited to the Social Security Administration. This permits a state workers' compensation program to take the offset instead of the Social Security Administration. American Bankers Ins. Co. v. Little (Fla. 1980), 393 So.2d 1063.

If the state program fails to reduce the benefits by taking the offset, then the federal offset will prevail. The federal provision permitting state offsets against Social Security benefits, 42 U.S.C. 424(a)(d), appears in the section permitting federal disability benefits that may offset. The federal scheme clearly includes the maximum federal benefits in the offset formula, which auxiliary benefits are included, 20 C.F.R. Section 404.408 (1983).

The state Workers' Compensation benefits may offset against any Social Security benefits received, "[w]hen anyone is entitled to a benefit under title II of the [Social Security] Act on the basis of the earnings record of an individual entitled to disability insurance benefits under section 223 of the Act." 20 C.F.R. Section 404.408(b) (1983). These benefits referred to in title II of this Act include not only primary disability benefits but also

auxiliary benefits. The offset can occur only when the benefits are related to a disabled worker. Therefore, any benefits received by dependents of the disabled worker not stemming from the fact he is disabled would not be included in the offset formula.

We therefore hold that the Social Security auxiliary benefits may be included in the state's offset formula. This holding does not disturb the holding in McClanathan that cost of living benefits may not be included in the offset formula.

We now turn to the issue of whether the claimant is entitled to the penalty provision as set forth in Section 39-71-2907, MCA. Appellant claims respondent unreasonably delayed making payment to him, therefore the penalty provision should apply. We disagree.

The Workers' Compensation Court did not find any evidence that respondent unreasonably delayed or refused to pay compensation. We do not find, in this case, that respondent acted unreasonably. We therefore find the Workers' Compensation Court properly denied the penalty provisions.

Finally, we turn to the question of attorney's fees. Section 39-71-610, MCA, provides for attorney fees when: ". . . [an] insurer denies liability for a claim for compensation or terminates compensation benefits and the claim is later adjudged compensable by the workers' compensation judge or on appeal. . . " We find payment of attorney's fees appropriate in this case.

We therefore reverse and remand this case to the Workers' Compensation Court to enter a judgment consistent

with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

I would affirm the judgment of the Workers' Compensation Court.

_L.C. Gulbrandson_
Justice