**Gary OGLE, Petitioner,**

v.

**CRAIG TAYLOR EQUIPMENT COMPANY, Respondent.**

No. S–2261.

Supreme Court of Alaska.

Sept. 30, 1988.

Howard S. Trickey and Robert A. Royce, Jermain, Dunnagan & Owens, Robert M. Libbey, Libbey & Suddock, Anchorage, for petitioner.

Michael C. Geraghty, Staley, DeLisio, Cook & Sherry, Anchorage, for respondent.

## OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

BURKE, Justice.

This petition presents three issues. The first is whether the rule of modified joint and several liability included in the Tort Reform Act of 1986, AS 09.17.080(d), impliedly repeals the rule of pro rata contribution found in the Alaska Contribution Among Tortfeasors Act, AS 09.16.020(1). The second is whether the Tort Reform Act applies when the plaintiff was injured before its effective date, but the contribution claim was perfected thereafter. The final issue concerns the elements of a contribution claim.

We decline to address the first issue; we hold that the Tort Reform Act does not apply to the instant case, because the plaintiff was injured before its effective date.

## I

The essential facts are not disputed. Gary Ogle was seriously injured when a hydraulic crane "two-blocked," causing a ball weighing 175 pounds to fall on his

head.[1]  Ogle's employer purchased the crane from the Craig Taylor Equipment Company.  It was manufactured by the FMC Corporation.  Ogle sued FMC and Craig Taylor, alleging that they were strictly liable for manufacturing and distributing an unreasonably dangerous product.[2]

FMC and Ogle settled.  FMC paid Ogle one million dollars and assigned to Ogle its claim for contribution against Craig Taylor.  In return, Ogle released FMC and Craig Taylor from all other liability claims.

Ogle then sued Craig Taylor for contribution under the assignment from FMC.  He sought $500,000, Craig Taylor's pro rata share of the million dollar settlement under AS 09.16.020(1).  However, the superior court ruled that Craig Taylor was liable only for contribution according to its relative fault pursuant to the Tort Reform Act, AS 09.17.080(d).  The court concluded that, to prevail on the merits of the contribution claim, Ogle must prove (1) FMC's liability to Ogle, (2) Craig Taylor's liability to Ogle, (3) the amount of damages suffered by Ogle, and (4) the reasonableness of the settlement.

Ogle petitioned for review of the superior court decision.

## II

Assuming, *arguendo*, that AS 09.17.-080(d) requires contribution according to relative fault,[3] Ogle contends that the Tort Reform Act does not apply to a contribution claim arising from an injury which occurred before the effective date of the Act.  Craig Taylor, on the other hand, argues that the provisions of the Tort Reform Act apply because FMC's contribution claim accrued after the Act's effective date, when FMC paid more than its pro rata share of the liability.

■  The Tort Reform Act, according to its express language, applies to "all causes of action accruing after [its] effective date," June 11, 1986.  Ch. 139, §§ 9, 11, SLA 1986.  The question is whether the language in the Tort Reform Act refers to the underlying cause of action in tort, which accrued when Ogle was injured in 1983, or to the cause of action for contribution, which accrued when Ogle and FMC settled the case in 1987.  *See Lamoreux v. Langlotz*, 757 P.2d 584, 585 (Alaska 1988) (cause of action accrues when all elements of claim have occurred); *see also* AS 09.16.-030(d)(1).

The decisions of other courts reflect a split of authority on the question whether a change in the law after the original injury applies to a contribution claim perfected after the change.  For example, in *Layne v. United States*, 460 F.2d 409, 411 (9th Cir.1972), the Ninth Circuit Court of Appeals ruled that AS 09.16.040 applied to a contribution claim arising from an accident which occurred before the effective date of the contribution statute:

Although the causes of action against Wickersham and the United States arose at the time of the accident in 1966, before

---

1.  The crane "two-blocked" when the block from which the ball was suspended came in contact with the end of the crane boom.

2.  FMC filed a cross-claim against Craig Taylor which is not at issue here.

3.  Under Alaska's Contribution Among Tortfeasors Act, the contribution shares of two tortfeasors are determined without reference to their relative degrees of fault:

> In determining the pro rata shares of tortfeasors in the entire liability
> (1) their relative degrees of fault shall not be considered....

AS 09.16.020(1).

In 1986 the legislature passed the Tort Reform Act, AS 09.17.010–.900.  Among other things, the Act requires the factfinder to determine "the percentage of the total fault of all of the parties

to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability."  AS 09.-17.080(a)(2).  The Act then provides for a modified form of joint and several liability for defendants allocated less than fifty percent of the total fault allocated to all the parties:

> The court shall enter judgment against each party liable on the basis of joint and several liability, except that a party who is allocated less than 50 percent of the total fault allocated to all the parties may not be jointly liable for more than twice the percentage of fault allocated to that party.

AS 09.17.080(d).  Craig Taylor argues that AS 09.17.080(d) impliedly repealed the word "not" in AS 09.16.020(1).

the effective date of the Alaska Uniform Contribution Among Tortfeasors Act, Section 09.16.040 is applicable here because the settlement was made after the statute became effective.

The Colorado Supreme Court relied in part on *Layne* when it ruled that a cause of action for contribution accrues at the time of settlement or judgment, thus subjecting the tortfeasors to the law in effect at that time. *Coniaris v. Vail Assoc.*, 196 Colo. 392, 586 P.2d 224, 225 (1978).

■ Many courts approach this problem as one involving the retroactive application of a statute. Ordinarily, a new contribution statute is not applied retroactively unless (1) the legislature clearly so intended or (2) the statute is purely procedural. *See, e.g., United States Fidelity & Guaranty Co. v. Park City Corp.*, 397 F.Supp. 411, 413–15 (D.Or.1973), *aff'd*, 526 F.2d 1120 (9th Cir.1975) (Oregon law); *Coos–Curry Electric Coop. v. Curry County*, 26 Or.App. 645, 554 P.2d 601, 603 (1976); *Smith v. Fenner*, 399 Pa. 633, 161 A.2d 150, 154 (1960); *Carey v. Jones*, 546 S.W.2d 814, 817 (Tenn.App.1976). In the only case that we have found involving the precise issue before us, the Third Circuit Court of Appeals held that the change from equal shares to contribution according to relative fault affected substantive rights because it changed the amount of the potential liability of the tortfeasors. *Slaughter v. Pennsylvania X–Ray Corp.*, 638 F.2d 639, 644–45 (3d Cir.1981) (applying Pennsylvania law).

The *Slaughter* court reasoned that joint or several liability arises at the time of the underlying injury; it does not depend on subsequent events. *Id.* at 645. Although the right of contribution exists only after a common liability is extinguished, the common liability is created when the tort is committed. *Id.* Thus, the court concluded that the responsibilities of tortfeasors are established by the law in effect at the time of the injury. *Id.*

In the instant case, it is not clear from the statute or the legislative history whether the legislature intended the Tort Reform Act to apply to contribution claims arising from torts which occurred prior to June 11, 1986. If the Act applied, it might change the liability of the tortfeasors from that which existed when the accident occurred. A change in the amount of liability is clearly a substantive change.

We conclude that the Tort Reform Act of 1986 applies only when plaintiff's injury occurred on or after June 11, 1986. We believe that this bright line standard will ensure predictable results and promote judicial economy.

### III

Ogle argues that the superior court erred in concluding that he must establish by a preponderance of the evidence the amount of damages he suffered.

■ We have never before expressly set forth the elements of a claim for contribution. We do so now: First, the claimant must be a tortfeasor.[4] AS 09.16.010(b). Second, the contribution defendant must be a tortfeasor.[5] AS 09.16.010(a). Third, they must be jointly and severally liable in tort for the same injury.[6] *Id.* Fourth, the claimant must have paid more than its pro rata share of the common liability.[7] AS 09.16.010(b). Fifth, the claimant must have extinguished the contribution defendant's liability for the injury or wrongful death.[8]

---

**4.** *See W.D. Rubright Co. v. International Harvester Co.*, 358 F.Supp. 1388, 1397 & n. 4 (W.D.Pa. 1973). However, if a settling party is eventually determined to be non-negligent, then it may have a cause of action against a negligent non-settling party sounding in subrogation. *See Alamida v. Wilson*, 53 Haw. 398, 495 P.2d 585, 589–90 (1972).

**5.** *Blackledge v. Harrington*, 291 Or. 691, 634 P.2d 243, 244–45 (1981).

**6.** *National Farmers Union Property & Casualty Co. v. Frackelton*, 650 P.2d 571, 573 (Colo.App. 1981), *aff'd*, 662 P.2d 1056 (Colo.1983).

**7.** *Fellows v. Tlingit–Haida Regional Elec. Auth.*, 740 P.2d 428, 430–31 (Alaska 1987); *Garrison v. Navajo Freight Lines*, 74 N.M. 238, 392 P.2d 580, 582 (1964).

**8.** *Rio Grande Gas Co. v. Stahmann Farms*, 80 N.M. 432, 457 P.2d 364, 366 (1969).

AS 09.16.010(d). Sixth, if the liability was extinguished by settlement, the amount must be reasonable. *Id. See generally W.D. Rubright Co. v. International Harvester Co.,* 358 F.Supp. 1388, 1392–1403 (W.D.Pa.1973); *Consolidated Coach Corp. v. Burge,* 245 Ky. 631, 54 S.W.2d 16, 18–19 (1932).

■ The amount of damages suffered by the injured plaintiff is relevant to the question whether the settlement amount is reasonable. However, the contribution claimant need not prove these damages with specificity; it is enough to demonstrate that the settlement amount was reasonable given the information available to the contribution claimant at the time of the settlement.

■ In the instant case, Ogle argues that the amount of damages sustained is irrelevant because Craig Taylor stipulated that the settlement was reasonable. Craig Taylor did so stipulate. The trial judge's order that Ogle must prove the amount of damages suffered as a result of the accident and the reasonableness of the settlement was thus erroneous.

The order of the superior court is REVERSED and REMANDED.