HALLIBURTON COMPANY, Petitioner,

v.

McADAMS, ROUX AND ASSOCIATES, INC., a Colorado corporation; Exeter Drilling Company, a Nevada corporation; and Joseph Slattery, Respondents.

No. 88–111.

Supreme Court of Wyoming.

May 10, 1989.

G.G. Greenlee of Murane & Bostwick, Casper, for petitioner.

Stan L. Spangler, Michael S. Smith and Brad McKim of Shaw, Spangler & Roth, Denver, Colo., for respondent McAdams, Roux and Associates, Inc.

Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, for respondent Exeter Drilling Co.

William M. McKellar of Lathrop, Rutledge & Boley, P.C., Cheyenne, for respondent Joseph Slattery.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and GRANT, District Judge.

GRANT, District Judge.

John Nelson died in a fire on September 17, 1985, while working on a Campbell County oil rig owned by his employer, respondent Exeter Drilling Company. His wife, Penny Nelson, filed a wrongful death claim (Federal Court Diversity) against the operator, respondent McAdams, Roux and Associates, Inc. (McAdams), and McAdams' tester, petitioner Halliburton Company (Halliburton), on May 28, 1987. Penny Nelson's complaint attributed the cause (*inter alia*) of the accident to the negligence of respondent Joseph Slattery, an on-site rep-

resentative of McAdams. McAdams responded that Slattery was an independent contractor. McAdams and Halliburton mutually cross-claimed, and Halliburton lodged a third-party complaint against Slattery—all for contribution.

In the 1986 session (Chapter 24, 1986 Session Laws of Wyoming) after the September 17, 1985, accident and before the May 28, 1987, complaint, the Wyoming legislature repealed that statute creating the right to contribution and made the repeal effective June 11, 1986, raising the question of the effect of the repeal on a cause of action for contribution when the incident giving rise to it occurred before the repealer's effective date but the claim was asserted after that date.

Seeking this Court's resolution of the issue, the United States District Court for the District of Wyoming certified the following question:

> When a cause of action for personal injury or wrongful death accrues before the effective date of Chapter 24, 1986 Wyoming Session Laws, and an action thereon for personal injury or wrongful death is filed after the effective date of Chapter 24, 1986 Wyoming Session Laws, are the parties to such action precluded from asserting statutory or common law contribution claims against each other or against third-parties?

We hold that the question certified must be answered: No, parties in the situation described above are not precluded by the repeal from making claims for contribution.

The issue arises from the enactment of Chapter 24, 1986 Session Laws of Wyoming, where the legislature amended Wyo. Stat. § 1–1–109 (1977), comparative negligence, by adding subsection (d), which reads:

> Each defendant is liable only for that proportion of the total dollar amount determined as damages under paragraph (b)(i) or (ii) of this section in the percentage of the amount of fault attributed to him under paragraph (b)(i) or (ii) of this section.

Section 2 of Chapter 24 repealed Wyo. Stat. §§ 1–1–110 to –113 (1977). Section 1–1–110 set forth the right to contribution among joint tort-feasors:

> (a) Except as otherwise provided in W.S. 1–1–110 through 1–1–113, where two (2) or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

> (b) The right of contribution exists only in favor of a tort[-]feasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tort[-]feasor is compelled to make contribution beyond his own pro rata share of the entire liability.

Section 3 says that the act applies to all causes of action accruing after its effective date. Section 4 makes the effective date June 11, 1986.

The problem is that, when these statutes are read together and applied to the facts, there is an ambiguity. The language in the sections creates an inconsistency affecting a cause of action accruing before the effective date of June 11, 1986.

Section 2 of Chapter 24, 1986 Session Laws of Wyoming, repealed the right to contribution as no longer necessary because § 1–1–109(d) now states that each defendant is liable only for the portion of the damages represented by the percentage of fault attributed to him. These two sections are compatible until one reads Section 3, which applies the act to all causes of action accruing *after* June 11, 1986. The complication comes for those causes of action accruing before June 11, 1986, where a defendant still subject to joint and several liability is left at risk of paying more than a pro rata share of the common liability, possibly without recourse to contribution from the other defendants. If, as under the present statute, each defendant is only proportionally liable, either § 1–1–109(d) must be in effect or the repeal of contribution cannot apply to these defendants.

Regarding ambiguous statutes we have stated:

In construing ambiguous statutes the primary consideration is to reach the legislative intent. Recognizing this goal, courts presume legislative enactments to be reasonable and logical, and further assume that it is the intent of the legislature to enact only that which is just. *State ex rel. Department of Revenue and Taxation, Motor Vehicle Division v. McNeese*, 718 P.2d 38, 40 (Wyo.1986). To ascertain legislative intent, we turn to rules of construction. A statute should not be interpreted to render any portion of it meaningless. *Reliance Insurance Company v. Chevron U.S.A. Inc.*, 713 P.2d 766 (Wyo.1986). We look at the specific language of the statute to discern legislative intent. *Huber v. City of Casper*, 727 P.2d 1002 (Wyo.1986). A statute must be viewed in terms of its objective purpose. *Hurst v. State*, 698 P.2d 1130 (Wyo.1985). Words should receive a fair and reasonable construction so as to obtain the objects for which a statute is designed. *Thomson v. Wyoming In–Stream Flow Committee*, 651 P.2d 778 (Wyo.1982).[1] Statutes are construed in *pari materia* with other relevant statutes. *Wyoming Department of Revenue and Taxation–Excise Tax Division v. First Wyoming Bank, N.A.—Kemmerer*, 718 P.2d 31 (Wyo.1986).[2]

■ Employing the construction rules, we presume a reasonable and just intent. That intent, both before and after the 1986 session, was that there be a balanced sharing of liability among those defendants found to be at fault. This concern is shown by the interrelationship between the comparative negligence and right of contribution statutes, and in the new comparative negligence statute which limits each defendant's liability to his proportion of damages according to his share of the fault. Both confirm the policy contemplated when the legislature enacted the original comparative negligence and contribution statutes holding that all actors, whether parties or not, must bear their fair share of the compensation burden. *Kirby*

*Building Systems v. Mineral Explorations Company*, 704 P.2d 1266 (Wyo.1985).

However, an inconsistency still exists as to a means to achieve that sharing among defendants found liable in causes of action accruing before June 11, 1986. The difficulty is whether it is accomplished by applying § 1–1–109(d) where each defendant is liable for his own percentage of fault or by reviving § 1–1–110 (right to contribution) but limited to those causes of action accruing before the effective date of the 1986 act.

Section 3 of Chapter 24, 1986 Session Laws of Wyoming, states that the act applies to all causes of action accruing *after* its effective date. This indicates a legislative design that cases arising before the effective date (June 11, 1986) are to be treated differently and supports the proposition that contribution is not precluded in those cases. The Section 3 language, at least in itself, is clear.

■ We therefore hold that § 1–1–109(d) (liability for percent of fault) does not apply to those causes of action accruing before June 11, 1986. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, we do not resort to rules of statutory construction." *Wyoming Insurance Department v. Avemco Insurance Company*, 726 P.2d 507, 510 (Wyo.1986).

The Alaska Supreme Court recently addressed a similar predicament. The Alaska legislature passed the Tort Reform Act of 1986 requiring contribution according to relative fault, which applies to all causes of action accruing after its effective date of June 11, 1986. The previous contribution among tort-feasors act determined pro rata contribution shares without reference to relative fault. In *Ogle v. Craig Taylor Equipment Company*, 761 P.2d 722 (Alaska 1988), an injury occurred in 1983, and a settlement was reached in 1987 with one defendant who paid $1 million to the plaintiff and assigned to the plaintiff its claim for contribution. The plaintiff sought a

---

1. Wyo.Stat. § 8–1–103 (1977), rules of construction for statutes, must be noted but is more applicable to decipher the meaning of particular words within a statute.

2. *See supra* note 1.

$500,000 pro rata share from the other defendant under the prior act, contending the 1986 act did not apply.

The Alaska court acknowledged that the legislative intent was unclear as to whether the new Tort Reform Act of 1986 applied to contribution claims arising from torts which occurred prior to the effective date of the act. The court discussed a Third Circuit case (*Slaughter v. Pennsylvania X-Ray Corporation*, 638 F.2d 639 (3d Cir. 1981)) which concluded that the responsibilities of tortfeasors are established by the law in effect at the time of the injury. The Alaska court agreed, "[i]f the [Tort Reform] Act applied, it might change the liability of the tort[-]feasors from that which existed when the accident occurred." *Ogle*, 761 P.2d at 725. Clearly, it would be a substantive change. The court then ruled that the Tort Reform Act of 1986 applies only when a plaintiff's injury occurred on or after the effective date of the act. The court believed a bright line standard would ensure predictable results and promote judicial economy. We agree with the reasoning of the Alaska court.

We hold that the parties here are not precluded from asserting contribution claims.