Gunhild CASPERSEN, Appellant,

v.

ALASKA WORKERS' COMPENSATION BOARD, Insurance Company of North America and Ketchikan Gateway Borough, Appellees.

No. 3556.

Supreme Court of Alaska.

Feb. 9, 1990.

Peter R. Ellis, Ellis Law Offices, Inc., Ketchikan, for appellant.

Trevor N. Stephens, Ziegler, Cloudy, King & Peterson, Ketchikan, for appellees Ketchikan Gateway Borough and Ins. Co. of North America.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON, and MOORE, JJ.

## OPINION

PER CURIAM.

## I. INTRODUCTION.

The sole issue presented in this appeal is whether the social security offset provided for by AS 23.30.225, which became effective in 1977, applies to a worker injured prior to the effective date of the offset statute.

## II. FACTS AND PROCEEDINGS.

The relevant facts and proceedings were concisely summarized by the superior court as follows:

Caspersen commenced employment with [Ketchikan Gateway] Borough in 1956 as a substitute custodian. In 1959 she resigned and apparently was not employed by [the] Borough until 1965. During the course of her employment she suffered three (3) compensable injuries while employed by the Borough, the last of which occurred on March 22, 1976. Caspersen filed an application for adjustment of claim on June 24, 1977. Alaska's social security offset statute, AS 23.30.225, went into effect on August 31, 1977. The Board issued a decision and order on September 28, 1978, in which it determined, in part, that Caspersen was entitled to permanent total disability ("PTD") benefits. Caspersen reached the age of 65 years on June 4, 1980, thereby becoming eligible for federal social security retirement benefits. Following an appeal to, and remand from, the superior court, and filing of a second application for adjustment of claim, the AWCB issued a decision and order on March 6, 1987, in which it held ... that the state social security offset provision is applicable to Caspersen's worker's compensation benefits accruing after her 65th birthday.

The superior court affirmed the Board's decision on June 27, 1988, and Caspersen appealed.

## III. DISCUSSION.

As adopted in 1977, AS 23.30.225[1] provided:

---

1. Ch. 75, § 9, SLA 1977. A 1988 amendment to the statute, adding a new subsection (c), is not

*Social security offset.* (a) When periodic retirement or survivors' benefits are payable under 42 U.S.C. 401–433 (Title II, Social Security Act), the weekly compensation provided for in this chapter shall be reduced by an amount equal as nearly as practicable to one-half of the federal periodic benefits for a given week.

(b) When it is determined that, in accordance with 42 U.S.C. 401–433, periodic disability benefits are payable to an employee or the employee's dependents for an injury for which a claim has been filed under this chapter, weekly disability benefits payable under this chapter shall be offset by an amount by which the sum of (1) weekly benefit to which the employee is entitled under 42 U.S.C. 401–433, and (2) weekly disability benefits to which the employee would otherwise be entitled under this chapter, exceeds 80 per cent of the employee's average weekly wages at the time of injury.

Pursuant to section (a) of this statute, the Board reduced Caspersen's weekly permanent total disability compensation payment by $47.21 (one-half of $94.41, Caspersen's weekly original social security retirement benefit), from $151.71 to $104.50, effective June 5, 1980 (the day after her 65th birthday, when she became entitled to social security benefits).

The question presented on appeal is whether this statute, which became effective on August 31, 1977, applies to Caspersen, who sustained compensable injuries on March 22, 1976. We hold that it does not.

In *Hood v. State, Workmen's Comp. Board,* 574 P.2d 811, 813–14 (Alaska 1978) we observed that:

> Workmen's compensation acts should be liberally construed in favor of the employee ... statutes are presumed to operate prospectively and will not be given a retroactive effect, unless by express terms or necessary implication, it clearly appears that that was the legislative intent.

(Footnotes omitted.) In our view it has not been clearly established that the legislature intended that AS 23.30.225 would be applicable to instances where the employee's compensable injury occurred prior to the statute's August 31, 1977 effective date. Neither the express terms of AS 23.30.225, nor necessary implication, require that the statute be given a retrospective effect.[2]

Our holding in the case at bar is in accord with *Ogle v. Craig Taylor Equipment Co.,* 761 P.2d 722, 725 (Alaska 1988). There we addressed the applicability of tort reform legislation to pre-existing rights and obligations concerning contribution among joint tortfeasors. We said:

> Many courts approach this problem as one involving the retroactive application of a statute. Ordinarily a new contribution statute is not applied retroactively unless (1) the legislature clearly so intended or (2) the statute is purely procedural. (Citations omitted).
>
> ....
>
> In the instant case, it is not clear from the statute or the legislative history whether the legislature intended the Tort Reform Act to apply to contribution claims arising from torts which occurred prior to June 1, 1986. If the Act applied, it might change the liability of the tortfeasor from that which existed when the accident occurred. A change in the amount of liability is clearly a substantive change.
>
> We conclude that the Tort Reform Act of 1986 applies only when plaintiff's injury occurred on or after June 11, 1986. We believe this bright line standard will ensure predictable results and promote judicial economy.

761 P.2d at 725. *See also Trusty v. Consolidated Freightways,* 210 Mont. 148, 681 P.2d 1085 (1984) where the Supreme Court of Montana held:

> The statutes in effect at the time of the injury set the standards by which the

---

relevant to this appeal. Ch. 79, § 38, SLA 1988.

**2.** Alaska Statute 01.10.090 provides that "No statute is retrospective unless expressly declared therein." AS 01.10.100(a) further provides that

"The repeal or amendment of any law does not release or extinguish any right accruing or accrued under such law unless the repealing or amending act so provides."

benefits for the claimant are to be computed....

....

We hold that the benefits due to the appellant under his Workers' Compensation award shall not be reduced by an offset for Social Security benefits. The Workers' Compensation Court's judgment permitting a 50% offset is reversed. The 50% offset provision contained in Section 39–71–702, MCA, enacted after the accident cannot be retroactively applied.

681 P.2d at 1087–88.

The superior court's affirmance of the Board's decision as to the applicability of AS 23.30.225 is REVERSED and the matter is REMANDED to the superior court with directions to remand to the Board to set aside that portion of its order relating to AS 23.30.225.