690 A.2d 1049

JOHN C. MCALLISTER, PETITIONER–APPELLANT, v. RESORTS INTERNATIONAL HOTEL & CASINO, AND THE SECOND INJURY FUND, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 17, 1996—Decided March 31, 1997.

Before Judges PRESSLER, STERN and HUMPHREYS.

*Howard J. Heald* argued the cause for appellant (*Goldenberg, Mackler & Sayegh,* attorneys for appellant; *Mr. Heald,* on the brief).

*Ivan Novich* argued the cause for respondent Resorts International Hotel & Casino (*Francis T. Giuliano,* on the brief).

*Cheryl B. Kline,* Deputy Attorney General, argued the cause for respondent Second Injury Fund (*Peter Verniero,* Attorney General, attorney for respondent; *Mary C. Jacobson,* Assistant Attorney General, of counsel; *Ms. Kline,* on the brief).

The opinion of the court was delivered by

HUMPHREYS, J.A.D.

A previous workers' compensation award to petitioner was reduced by the amount of Social Security benefits being paid on behalf of his children to their mother. Petitioner appeals the reduction. He concedes that if the Social Security payments were being made to his children at the time of the initial award, then a reduction is proper. He contends, however, that the reduction should not be made because the children were born after the initial award.

We affirm substantially for the reasons stated by Judge Lashman in her comprehensive written opinion of May 24, 1995. We add the following.

Petitioner was awarded workers' compensation benefits for injuries occurring during the period 1978 to 1981. He was found to have suffered a permanent fifty percent partial total disability. In 1993, petitioner was awarded total disability benefits pursuant to a settlement. The parties agreed as part of the settlement that the two insurance companies for the employer and the State Second Injury Fund would be entitled to an offset pursuant to *N.J.S.A.* 34:15–95.5 based upon petitioner's receipt of Social Security disability benefits.

Petitioner's Social Security benefits are $665 per month. He is forty-three years of age. He does not have any source of income other than his Social Security disability benefits and his workers' compensation award.

At a hearing to approve the settlement, petitioner testified that in addition to Social Security disability benefits being paid to him, benefits were also being paid to two of his children, one born in 1984 and the other in 1990.

Petitioner had lived with the mother of these children until 1990 but was not legally married to her. After their separation, the mother applied for and obtained Social Security benefits for the children. Petitioner contends that this was done without his knowledge. The benefits are paid directly to her for the children. The children live in Delaware with their mother. Judge Lashman said that petitioner visits with the two children "whenever he can." Petitioner does not contribute toward the children's support other than through the Social Security disability benefits paid to them.

Petitioner's counsel acknowledged at oral argument before us that if the petitioner's award is not reduced by the total amount of Social Security disability benefits, then the Social Security Administration is likely to disallow the benefits that the children are receiving. In other words, if petitioner's workers' compensation award is not reduced, then the children's benefits will be.

Judge Lashman ruled that petitioner's workers' compensation benefits would be reduced from $103.40 per week to $54.94 per week until his youngest child reached age eighteen in 2008 or graduated high school, whichever occurs later. Thereafter, the workers' compensation benefits would return to $103.40 per week.

Judge Lashman found and we agree that the reductions were mandated by federal and State statutes, *see* 42 *U.S.C.* § 424a(a)(7); *N.J.S.A.* 34:15–95.5, federal regulations, *see* 20 *C.F.R.* § 404.408(i), and judicial decisions. *Trusty v. Consolidated Freightways,* 210 *Mont.* 148, 681 *P.*2d 1085, 1089 (1984) (Social Security benefits paid to family members may be included in

state's offset formula); *Guillory v. Stone & Webster Eng'g Corp.*, 545 *So.*2d 605, 610 (La.Ct.App.1989) (total family Social Security benefits are part of the calculation of the Social Security offset to workers' compensation benefits); *see also* Social Security Ruling 74–9c; *Arthur Larson, The Law of Workers' Compensation* § 97.35(a) at 18–29 to 18–32(MB) (expressing surprise that more states do not take advantage of the provision of the Social Security Act, 42 *U.S.C.* § 424a(d), which allows the states to reduce workers' compensation benefits by the amount of Social Security benefits a claimant receives as New Jersey does pursuant to *N.J.S.A.* 34:15–95.5).

The above statutes and authorities clearly establish that workers' compensation benefits must be reduced by the amount of Social Security dependency payments paid on behalf of the beneficiary to the beneficiary's children. We find no basis for an exception because the children were born after the workers' compensation award or because the children do not live with petitioner. The clear intent of the federal statutes and regulations is to provide that the total disposable family income from Social Security benefits and workers' compensation shall not exceed a disabled worker's pre-injury income. *Krysztoforski v. Chater,* 55 *F.*3d 857, 860 (3d Cir.1995) ("The clear intent of [§ 424a] was to preserve and protect a level of income for the disabled employee while avoiding a duplication of benefits irrespective of cause of the disability."). The reduction in this case carries out that intent.

The presence in this case of the State Second Injury Fund further supports Judge Lashman's opinion. The Fund was created by the Legislature, *see N.J.S.A.* 34:15–94 to 15–95.5, to provide an incentive for employers to hire disabled workers by pooling the risk created by the expenses of greater disability befalling workers. *See Lewicki v. New Jersey Art Foundry,* 88 *N.J.* 75, 82–83, 438 *A.*2d 544 (1981). The Second Injury Fund should not be subject to "undue invasion." *Paul v. Baltimore Upholstering Co.,* 66 *N.J.* 111, 129, 328 *A.*2d 610 (1974). Because the Fund's resources are limited, it should not be saddled with additional

financial obligations unless the Legislature mandates. *Wright v. Port Authority,* 263 *N.J.Super.* 6, 15, 621 *A.*2d 941 (App.Div.), *certif. denied,* 133 *N.J.* 442, 627 *A.*2d 1147 (1993). Reducing the workers' compensation award by the amount of the Social Security offset conforms to the legislative intent to preserve the Second Injury Fund.

Judge Lashman's decision correctly implements the federal statutes and regulations. Petitioner is not entitled to receive State disability benefits without a deduction for the Social Security disability benefits paid to his children.

Affirmed.