Submitted on remand from the Oregon Supreme Court February 2, reversed and remanded for new trial April 20, State's reconsideration and Tucker's reconsideration denied June 10, both petitions for review allowed August 30, 1988 (306 Or 527)

STATE OF OREGON,
*Respondent,*

*v.*

MINDI MARIE TUCKER,
*Appellant.*

(85-0025; CA A36725)

753 P2d 427

Wayne Mackeson, Portland, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Stephen F. Peifer, Assistant Attorney General, Salem, for respondent.

Before Warden, Presiding Judge, and Richardson and Van Hoomissen, Judges.

WARDEN, P. J.

## WARDEN, P. J.

This case comes to us on remand from the Supreme Court. *State v. Tucker,* 305 Or 43, 749 P2d 576 (1988). In our previous opinion, we reversed defendant's murder conviction and remanded the case for a new trial. *State v. Tucker,* 86 Or App 413, 740 P2d 182 (1987). The Supreme Court denied the state's and defendant's petitions for review, allowed the state's supplemental petition for review, vacated our decision and remanded the case to us to consider the issue raised in the state's supplemental petition for review. 305 Or at 44. For the reasons that follow, we adhere to and adopt our previous opinion.

■     The facts are set forth in that opinion. We held "that [ORS 165.540 and ORS 41.910], *independently of each other* and together, bar the use of wiretap evidence obtained in violation of ORS 133.724 for impeachment purposes." 86 Or App at 417-18. (Emphasis supplied.) In its supplemental petition, the state "presents additional arguments in support of [its] position * * * that [we] erroneously construed ORS 41.910 to require suppression of unlawfully obtained wiretap evidence offered to rebut defendant's trial testimony." Specifically, the state contends that we erroneously applied a version of ORS 41.910 that was amended after the illegal wiretaps took place. The supplemental petition, however, does not take issue with our holding that ORS 165.540(1)(e) provides an *independent* basis for barring the use of illegally obtained wiretap evidence for impeachment purposes[1] and, on that basis alone, we must reverse defendant's conviction and remand for a new trial. We therefore adhere to and adopt our prior opinion in that regard. We now address the issue of ORS 41.910, as directed by the remand order of the Supreme Court.

The illegal wiretapping occurred in December, 1980, and January, 1981. At that time, ORS 41.910 provided, in pertinent part:

"Evidence of the contents of any wire or oral communication intercepted:

---

[1] In its supplemental petition, the state does contend that the illegal wiretaps did not violate ORS 165.540, apparently inviting us to overrule our holding in *State v. Tucker,* 62 Or App 512, 522-23, 662 P2d 345, *rev den* 295 Or 618 (1983), that the wiretaps violate ORS 165.540. We decline the invitation.

"(1) In violation of ORS 165.540 *and without a court order issued pursuant to ORS 133.724,* shall not be admissible in any court of this state, except as evidence of unlawful interception." (Emphasis supplied.)

In 1983, the legislature amended the statute by deleting the emphasized language. Or Law 1983, ch 824, § 4. Defendant's trial took place in 1985. In our previous opinion, we applied the amended version of ORS 41.910, and the state contends that we erred in doing so. We disagree.

The intent of the legislature governs when a legislative provision should be given effect. *Whipple v. Howser,* 291 Or 475, 480, 632 P2d 782 (1981). When, as here, the legislative intent has not been expressed, we may use rules of statutory construction as guides to determine that intent. *Perkins v. Willamette Industries,* 273 Or 566, 570-71, 542 P2d 473 (1975). One rule is that the rights of persons affected by an event are defined by the statutes in effect at the time of the event, but the adjudication of those rights is accomplished by the procedures in effect at the time of the adjudication. *Holmes v. SAIF,* 38 Or App 145, 147-148, 589 P2d 1151 (1979). That is, statutes are presumed not to apply "retroactively" if doing so will impair existing rights, create new obligations or impose additional duties with respect to past acts. *Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 539 n 7, 577 P2d 477 (1978); *Joseph v. Lowery,* 261 Or 545, 547, 495 P2d 273 (1972).

ORS 133.724 and ORS 165.540 create, define and regulate an individual's privacy rights as they relate to wiretapping by strictly prescribing the manner and circumstances in which wiretaps can be legally performed. They impose obligations on all persons seeking and performing wiretaps, and it is settled that the wiretaps in issue were not performed in accordance with those statutes. *State v. Pottle,* 296 Or 274, 283, 677 P2d 1 (1984); *State v. Tucker, supra,* 62 Or App at 523. ORS 41.910, on the other hand, does not impose obligations on those who perform wiretaps; it only dictates the *consequences* of an illegal wiretap by rendering the evidence obtained inadmissible in court. It has nothing to do with what is necessary to make a wiretap legal. ORS 133.724 and ORS 165.540 do that. ORS 41.910 does not come into play until a person's right to be free from illegal wiretaps has been invaded and then only when a party to a proceeding seeks admission of

evidence obtained from the illegal wiretap. Application of ORS 41.910, as amended in 1983, to defendant's trial neither impairs any rights that existed at the time of the wiretaps nor creates or imposes any additional duties. We therefore conclude that the legislature intended the 1983 amendment of ORS 41.910 to apply to trials that took place after it became effective. Accordingly, we adhere to and adopt our previous opinion as it applies that statute.[2]

Reversed and remanded for a new trial.

---

[2] We also adhere to and adopt all of the other portions of that opinion.