Argued and submitted November 13, 1987, reversed and remanded August 17, 1988

BAKKE,
*Appellant,*

*v.*

WEBSTER,
*Respondent.*

(86C-11631; CA A43053)

759 P2d 320

William B. Wyllie, Salem, argued the cause and filed the brief for appellant.

J. Philip Parks, Salem, argued the cause for respondent. With him on the brief was Parks & Bauer, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals from a judgment for defendant entered after the trial court granted defendant's motion for summary judgment, holding that plaintiff is barred from suing defendant because of interspousal immunity. Plaintiff was a passenger in an automobile driven by defendant when defendant lost control of the car, injuring plaintiff. Approximately one month later, plaintiff and defendant were married to each other. Plaintiff argues that, because the parties were not married at the time when his injuries occurred, interspousal immunity should not bar his action.

Although interspousal immunity barred an action between spouses for negligent torts when defendant's motion was granted, *Smith v. Smith,* 205 Or 286, 287 P2d 572 (1955), whether the tort occurred before or during marriage, 205 Or at 288, the Supreme Court overruled *Smith* in *Heino v. Harper,* 306 Or 347, 759 P2d 253 (1988). Interspousal immunity for negligent torts is now abolished in Oregon.

Reversed and remanded.