Argued and submitted October 6, 1988, the decision of the Court of Appeals affirmed, the judgment of the circuit court reversed and remanded for further proceedings February 14, 1989

## STATE OF OREGON,

*Petitioner/Cross-Respondent on Review,*

*v.*

## MINDI MARIE TUCKER,

*Respondent/Cross-Petitioner on Review.*

(TC 85-0025; CA A36725; SC S35201, S35208)

768 P2d 397

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner/cross-respondent on review State of Oregon. With him on the petition were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Wayne Mackeson, of Des Connall and Dan Lorenz, P.C., Portland, argued the cause and filed the petition for respondent/cross-petitioner on review Mindi Marie Tucker.

Before Peterson, Chief Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.

PER CURIAM

## PER CURIAM

The Court of Appeals reversed defendant's conviction of murder and ordered a new trial because the trial court allowed the prosecution to use improperly obtained wiretap evidence for purposes of impeachment. *State v. Tucker,* 86 Or App 413, 740 P2d 182 (1987). After first denying both parties' petitions for review, we allowed a supplemental petition by the state and remanded the case to the Court of Appeals to consider the state's argument that the court had relied on the wrong version of ORS 41.910, which forbids the evidentiary use of illegally intercepted communications. *State v. Tucker,* 305 Or 43, 749 P2d 576 (1988). On remand, the Court of Appeals reaffirmed its decision. *State v. Tucker,* 90 Or App 506, 753 P2d 427 (1988). Having again allowed review, we affirm the decision of the Court of Appeals.

At the time of the wiretap (which was found unlawful in *State v. Tucker,* 62 Or App 512, 662 P2d 345, *rev den* 295 Or 618, 670 P2d 1034 (1983), *see also State v. Pottle,* 296 Or 274, 677 P2d 1 (1984)), the statute provided:

"Evidence of the contents of any wire or oral communication intercepted:

"(1)   In violation of ORS 165.540 and without a court order issued pursuant to ORS 133.724, shall not be admissible in any court of this state, except as evidence of unlawful interception."

*Former* ORS 41.910 *(amended by* Or Laws 1983, ch 824, § 4). By the time of the trial in 1985, the legislature at its 1983 session had removed the reference to ORS 133.724, so that ORS 41.910 then provided:

"(1)   Evidence of the contents of any wire or oral communication intercepted:

"(a)   In violation of ORS 165.540 shall not be admissible in any court of this state, except as evidence of unlawful interception. * * *"

The Court of Appeals held that the amended ORS 41.910 stated a rule of trial procedure which did not impair existing rights or impose new duties. It therefore applied the 1983 version that was in force at the time of trial. 90 Or App at 509-10.

The state's petition for review argues that the role of

ORS 41.910 is to suppress evidence unlawfully obtained under the statutes mentioned therein, but nevertheless, that the pre-1983 version of ORS 41.910 should be applied, because it "is not procedural, but rather establishes whether officers act lawfully at the time they conduct the wiretap," continuing, "(lawfully in the sense that the fruits thereof are not subject to suppression in court)." The qualification practically admits that the argument is backwards; suppression follows from the unlawful acquisition of evidence, not vice versa. The Court of Appeals decided this issue correctly.

■  Second, the state seeks to reopen the question whether the wiretap evidence in this case was obtained "in violation of ORS 165.540," an issue that the Court of Appeals decided against it in 1983 when we denied review. The contention is that because ORS 165.540 is a criminal statute, a defendant must prove that the various public officers responsible for the improper wiretap acted with whatever culpable state of mind is required for conviction of that crime. We are not persuaded that when the legislature referred to violations of the wiretap statute, it intended to make a collateral criminal trial of public officers out of a suppression proceeding.[1] Besides, State v. Pottle, supra, held that the fruits of the wiretap order in this case had to be suppressed under ORS 133.735[2] regardless of ORS 41.910. 296 Or at 290 n 5. We see no reason to disturb the decision of this issue by the Court of Appeals.

Defendant also filed a petition for review, designed primarily to limit the issues to those raised in the state's

---

[1] Cf. Smith v. Employment Div., 307 Or 68, 73 n 3, 763 P2d 146 (1988) (unemployment compensation procedure is not designed to require determinations of criminal guilt).

[2] ORS 133.735(1) provides:

"(1)  Any aggrieved person in any trial, hearing or proceeding in or before any court, department, officer, agency, regulatory body or other authority of the state, or a political subdivision thereof, may move to suppress the contents of any wire or oral communication intercepted under ORS 133.724, or evidence derived therefrom, on the grounds that:

"(a)  The communication was unlawfully intercepted;

"(b)  The order of authorization or approval under which it was intercepted is insufficient on its face; or

"(c)  The interception was not made in conformity with the order of authorization or approval."

supplemental petition but also to renew defendant's objections to the admission of other evidence presented in her previous petition for review, should this court go beyond the state's supplemental petition. Since we do not do that, there is no need to pursue those claims here, and we express no opinion on them.

The decision of the Court of Appeals is affirmed; the judgment of the circuit court is reversed and the case is remanded to the circuit court for further proceedings.