Argued and submitted February 15, affirmed September 11, 1991

Amy ANTONACCI,
*Respondent,*

*v.*

Roger A. DAVIS, Jr.,
*Appellant.*

(89-CV-01176; CA A65266)

816 P2d 1202

Lee Ferguson, Medford, argued the cause for appellant. With her on the briefs was Cowling and Heysell, Medford.

Ronald D. Jones, Grants Pass, argued the cause and filed the brief for respondent.

694

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is a lawsuit between formerly married parties, involving the issue of spousal immunity.

On August 23, 1987, plaintiff was a passenger and defendant was the driver of a motorcycle when an accident occurred and plaintiff was injured. Although the parties were married at the time of the accident, they were divorced in 1988. In June of 1989, plaintiff filed this action for personal injury damages, in which she alleged that defendant had been negligent. Defendant moved for summary judgment, based on the defense of spousal immunity for negligent torts. The trial court denied his motion and, after a stipulation of facts, it entered a judgment for plaintiff for $50,000. We affirm.

■     The traditional rule was that a person was immune from liability for negligent torts committed against his or her spouse. *See, e.g., Smith v. Smith,* 205 Or 286, 287 P2d 572 (1955); *Apitz v. Dames,* 205 Or 242, 287 P2d 585 (1955). As in many other jurisdictions, however, that rule has now been completely abrogated in Oregon. *Heino v. Harper,* 306 Or 347, 759 P2d 253 (1988). Defendant's only argument is that the trial court improperly applied *Heino* retroactively to abolish the defense of spousal immunity, which would have been available to him at the time of the accident.

■ ■     It is not accurate to characterize this case as a question of retroactivity. The parties were divorced when plaintiff filed this lawsuit and, even if they had been married at that time, the *Heino* decision had abolished the immunity. The substantive rights and liabilities of persons affected by an event are defined by the law in effect at the time of the event, but the adjudication of those rights and liabilities is accomplished by the procedures in effect at the time of the adjudication. *State v. Tucker,* 90 Or App 506, 509, 753 P2d 427 (1988), *aff'd* 307 Or 386, 768 P2d 397 (1989); *Holmes v. SAIF,* 38 Or App 145, 147-48, 589 P2d 1151 (1979); *see also Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972).[1] The more appropriate inquiry, therefore, is whether the *Heino* decision affected the substantive rights of the parties, so that we apply the law existing at the time of the injury. If so, plaintiff's action would

---

[1] Although the rule is stated in terms of its application to legislative changes, we hold that it has equal applicability to changes in the common law.

be barred by spousal immunity. If, however, the abolition of the immunity was only a change in procedure, we apply the law existing at the time that the lawsuit was filed, and her action would not be barred.[2]

■     The *Heino* court acknowledged the difficulty of distinguishing between substantive and procedural impediments to the ability to bring a cause of action. 306 Or at 353. It explained that traditional spousal immunity could be considered a *substantive* "disability" of the plaintiff if the negligent infliction of harm by one spouse against another was not considered a tortious action. However, it was a *procedural* disability if it was based on the common law unity of husband and wife, wherein the wife could not sue without joining the husband and, therefore, she could not sue the husband because he would have to appear as both plaintiff and defendant. A procedural disability can be abolished simply "because the reasons for it are no longer present." 306 Or at 364-65. Although the court declared that it actually did not "need to resolve [the] issue," 306 Or at 368, it apparently did so because it proceeded with an analysis that treated the immunity as procedural.

The court reasoned that spousal immunity for negligence should be reconsidered, because the cases on which *Smith v. Smith, supra,* relied were incorrectly decided. *Heino v. Harper, supra,* 306 Or at 373-75 (*quoting G.L. v. Kaiser Foundation Hospitals,* 306 Or 54, 59, 757 P2d 1347 (1988)). It stated that those cases improperly assumed that an absolute immunity existed for personal torts between spouses, as distinct from other kinds of actions, thereby creating a substantive disability. But that could not explain why "interspousal restraints from certain kinds of acts — admittedly intentional, but interspousal acts nonetheless" were historically available between spouses. 306 Or at 368. Accordingly, *Smith* did not address the correct question; it should have determined the limits of the *privilege* a spouse could enjoy to act negligently toward the other spouse simply because of the marital relationship. 306 Or at 375. The court explained that

---

[2] In *Bakke v. Webster,* 92 Or App 581, 759 P2d 320 (1988), we reversed a summary judgment for the defendant that was based on spousal immunity, because of the Supreme Court opinion in *Heino.* However, we did not specifically address the question presented here.

"[c]ohabitation and other circumstances assumed to accompany the marital relationship may call for different standards of care than that required among strangers, and may require that any action for negligent personal injury be subject to such defenses as privilege, *but there is nothing in the relationship that calls for absolute immunity.*" (Emphasis supplied.)

306 Or at 376; *see also Winn v. Gilroy,* 296 Or 718, 728-29, 681 P2d 776 (1984). Even if there had once been reasons for an absolute immunity, those reasons no longer existed and the court determined that it should be abolished. Whether or not we agree with the obscure analysis in *Heino,* it appears that the court treated the change in the law as procedural. Accordingly, plaintiff was not barred from suing her ex-spouse for negligence committed during their marriage. The trial court did not err in holding that spousal immunity did not bar the claim.

Affirmed.